51 So.2d 287 (1951)
In re SCHIELE's ESTATE.
Supreme Court of Florida, Division B.
March 16, 1951.
*288 Fisher & Sauls, St. Petersburg, for appellant.
Louis C. Deal, Jr., of Charles J. Schuh & Sons, St. Petersburg, for appellees.
CHAPMAN, Justice.
It appears by the record in this cause that Otto A. Schiele died in St. Petersburg, Florida, on July 6, 1949, and found among his personal effects was a document and labeled across the top thereof was the word "Will". Following is a substantial copy thereof:

"Will

"In the Name of God, Amen
"I, Otto A. Schiele, being of sound mind and memory, and considering the uncertainty of this frail and transitory life, do therefore make, ordain publish and declare this to be my last Will And Testament, that is to say:
"First  After all my lawful debts are paid and discharged, I give and bequeath to the following beneficiaries, all my property of each and every description:  Real Estate, Securities, Investments, Bonds, Stocks, Leases, Personal Property, Moneys, and whatever else I die possessed of. I am to be buried in the New Palestine Cemetery at New Palestine, Ind. beside the grave of my beloved wife Clara K. Schiele. Inscription of the year of my death to be completed on the monument which monument has been provided. * * First after all my lawful debts are paid, including any and all the above stipulations or requests, and all the above stipulations are included, then shall the Beneficiaries participate in the following manner:  20% to the First Ave. Methodist Church, St. Petersburg, Fla. same not to be used for general expense but used otherwise for the upbuilding of the Kingdom of God. 5% to the St. Pauls Episcopal Church of Put-in-Bay, Ohio, to keep the church in tact and spreading the Gospel to the people of the Island. Of the balance as follows:  1/3 to Ada May Schiele, Putin-Bay, Ohio. The balance 2/3 divided equally between Mrs. Ura Cunningham, Mrs. Bernice Addison, both of New Palestine, Ind. Mrs. Amy Phillips, of 2945 Kenwood Ave. Indianapolis, Ind. Mrs. Mary Ella McGuire, R.R.1, % J.E. Stevens, Anderson, Mo. Verna Martin, 11749 So. Michigan Ave. Chicago, Ill. Mrs. Mignona Chaney, 408 West Williams St. Fort Wayne, Ind. Likewise I make, constitute and appoint Ada May Schiele and Mrs. Bernice Addison to be joint executrixes of this may last Will and Testament, hereby revoking all former Wills by me made.
In Witness Whereof, I have hereunto subscribed my name and affixed my seal the Sixteenth (16) day of June, in the year of our Lord one thousand nine hundred and forty three (3)
 _______ (Seal)
"The foregoing partly written and partly printed instrument was subscribed by the said Otto A. Schiele in our presence and acknowledged by ____ to each of us; and he at the same time did declare the above instrument, so subscribed, to be his last Will and Testament and we, at his request, have signed our names as witnesses, hereto, in his presence and in the presence of each other, and written opposite our names our respective places of residence.
"Launa P. Collins /s/ 1200 Pass-a-Grille Ave.
 Witness Residence
"J.E.E. Morrison /s/ 208-1 Av. N. St. Petersburg
 Witness Residence
 First Natl. Bank Bldg.
"Arthur P. Black /s/ St. Petersburg. Florida
 Witness Residence"
The original of the above document was offered for probate in the County Judge's Court of Pinellas County, Florida, *289 but probation thereof was denied by the County Judge, largely upon the theory that the purported instrument was invalid and failed to meet the requirements of Section 731.07(1), F.S.A., in that Otto A. Schiele did not sign the instrument "at the end thereof", as required by the statute, supra. Pertinent language in the order is viz.: "The line set forth in the printed form for the testator's signature is blank and nowhere above or before the attestation clause, or at the end thereof, is there a signature of the name `Otto A. Schiele' unexplained by the context so as to permit the admission of parol of extrinsic evidence in explanation thereof."
An appeal was perfected from the above order to the Circuit Court of Pinellas County, Florida, where an order was entered reversing and holding for naught the order of the County Judge's Court of Pinellas County. Pertinent provision of the order of reversal are viz.:
"(1) That under our statute Section 731.07, F.S.A. as amended which requires a will to be signed at the end thereof, a signature of the testator affixed in the attestation clause with intent that it be a signature to the will would be sufficient compliance with said statutory provisions.
"(2) That the Honorable Jack F. White, County Judge of Pinellas County, Florida, erred in his order of February 14th, 1950 in ruling that as a matter of law a signature so placed could not and did not result in a valid will and that Otto A. Schiele lied intestate.
"(3) That the County Judge should have received testimony as to the circumstances under which said signature was affixed in the attestation clause so as to determine whether or not it were affixed with the intention that it constituted a signature to a will.
"(4) That if the purported signature of the testator in the attestation clause were affixed by the testator as a signature in the presence of attesting witnesses with the intention that the instrument as so signed should constitute the will of the testator, such actions would comply with both the spirit and letter of the appropriate provisions of our probate act.
"It is therefore ordered, adjudged and decreed that the said order entered by the Honorable Jack F. White, County Judge, Pinellas County, Florida, on February 14, 1950 be and the same is hereby reversed.
"It is further ordered, adjudged and decreed that the Honorable Jack F. White, County Judge, Pinellas County, Florida take testimony as to the manner in which the said will of June 16th 1943 was executed and as to whether the signature in the attestation clause was written as his signature with the testamentary intent required by law."
It was the view of the Honorable Victor O. Wehele, Circuit Judge, and he so held that the signature of "Otto A. Schiele", appearing in the attestation clause of the alleged last Will and Testament was such a compliance with the applicable provision of Section 731.07, F.S.A., as to require the taking of testimony in the County Judge's Court of Pinellas County "as to the manner in which the said Will was executed and as to whether the signature in the attestation clause was written as his signature with the testamentary intent required by law." Counsel for appellants contend that this ruling was erroneous.
Section 731.07, F.S.A., provides:
"Every will, other than a nuncupative will, must be in writing and must be executed as follows:
"(1) It must be signed at the end thereof by the testator himself, or some person in his presence and by his direction must subscribe the name of the testator thereto.
"(2) The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will or cause his name to be signed as aforesaid or acknowledge his signature thereto.

* * * * * *
"(5) All devises and bequests to subscribing witnesses are void, unless there are at least two other disinterested subscribing witnesses to the will. If a subscribing *290 witness would be entitled to any share of the estate of the testator in case the will were not established, he shall take such proportion of the devise or bequest made to him in the will as does not exceed the share of the estate which would be distributed to him if the will were not established. (Emphasis supplied.)

* * * * * *"
Section 731.07, F.S.A., governs the execution of wills in the State of Florida. Our statutes which require wills to be in writing and signed by the testator "at the end thereof" are almost identical on the point in controversy with those now in force in many other States. A study of the decisions of the courts of last resort in those States having statutes like ours on the point at issue, to-wit, "the testator must sign at the end thereof", discloses a sharp and almost irreconcilable conflict. In the case at bar the testator failed to sign the will on the line at the end prepared for his signature, but signed in the attestation clause. It is true that in the ordinary form of wills the signature of the testator precedes the attestation clause. High authority holds that the attestation clause is not a part of the will, but, in general terms, may be referred to as a certificate of the will. It is commonly recognized that the attestation clause comes at the end of a will. What is meant by the phrase of the statute, supra, "at the end" of the will usually is determined by the facts of each particular case. Many of the courts hold that a will is signed "at the end" when the testator's signature appears below all the disposing portions of the will. See Page on Wills (Lifetime Ed.), Vol. 1, 547-554, pars. 287, 288 and 289; Thompson on Wills (3rd Ed.), Vol. 1, 177-180, pars. 112-114; Alexander's Commentaries on Wills, Vol., par. 422; Redfearn on Wills, etc. (2d Ed.), Vol. 1, 81-82, par. 59; Mississippi Law Journal, Vol. 18, 331-333; and 57 Am.Jur. pars. 268 and 275.
Reversible error has not been made to appear on the record.
Affirmed.
SEBRING, C.J., and ADAMS and ROBERTS, JJ., concur.