RAWLS, Judge.
Douglas W. Nuckols, Administrator, appeals from an order of the County Judge’s Court for Duval County granting Christopher Gerald Thomas’s petition for probate of will and ordering the administrator to turn over all assets of the estate to Thomas upon his qualifying as executor.
Nuckols, one of decedent’s brothers, qualified as administrator of his brother’s estate on March 14, 1961. On April 12, 1961, Thomas, a young man of 29, who had been living with decedent for several years prior to decedent’s death, filed his petition for probate of a will and codicil which had purportedly been executed by decedent prior to his death. The holographic will devising all of decedent’s property to Thomas, was dated January 7, 1957, and was purportedly executed in the presence of two subscribing witnesses. The holographic codicil designating Thomas as executor was dated January 12, 1960, and was executed in the presence of three subscribing witnesses.[1]
The administrator filed an answer alleging that the will and codicil were not properly executed nor executed as alleged, and were executed under undue influence. Therefore, the validity of the will was questioned at the outset.
The probate judge received extensive testimony and evidence going toward the two pronged attack upon the will, viz.: (1) that the will was not executed in the presence of two subscribing witnesses; (2) that the probate court misinterpreted the legal effect of the testimony as a whole.
At the outset, we find in this record competent substantial evidence to support the probate judge’s order admitting the contested will to probate. Likewise, the record discloses competent, substantial evidence *341 upon which the probate judge could have concluded that the will was not validly executed. It is in the following erroneous presumption indulged in by the probate judge and recited in his order that we find ■error:
“ * * * and it appearing further, that there is a presumption of testacy over intestacy and that where there has been a showing that there had been an attempt on the part of the testator to make a Will that the presumption is strong and can only be overcome by positive testimony to the contrary. In the instant case there has been no effort to show that the purported Will and the purported Codicil offered herein were not in the hand writing of the alleged testator, and it appearing to the Court that with full regard for the testimony ■of the witnesses for the administrator that the Court must rely upon the positive testimony of the subscribing wit-) nesses to the Will and to the Codicil, this testimony coupled with the presumption, the Will and Codicil presented should be admitted * * [Emphasis supplied.]
The sole question confronting the probate judge was the validity of the will, there being conflicting evidence on whether the will was witnessed at the time it was ■executed by the decedent or signed by the purported witnesses after decedent’s death. Appellee has cited no authority, and we have been unable to find any, to sustain his position that testacy is presumed over intestacy where the validity of the purported will is in question prior to its admis-i sion to probate. However, appellant relies upon the general proposition that intestacy is presumed until rebutted by proof that decedent left a valid will, and any presumption of the validity of the will arises only from the order admitting the instrument to probate.[2]
Florida cases decided prior to the 1933 probate law followed the common law in holding that admission of a will to probate is a judicial determination of the character and validity of the instrument as a will, and gave rise to a strong presumption of its validity.[3] This state has not indulged in the presumption of testacy over intestacy, in factual situations such as this, either before or after the enactment of the probate law, but the burden of proof in proceedings to determine the validity of a will is set out in F.S. Section 732.31, F.S.A., which reads:
“In all proceedings contesting the validity of a purported will, whether before or after such will be admitted to probate, the burden of proof, in the first instance, shall be upon the proponent thereof to establish, prima facie, the formal execution and attestation thereof, whereupon the burden of proof shall shift to the contestant to establish the facts constituting the grounds upon which the probate of such purported will is opposed or revocation thereof is sought.”
It is clear by the terms of the statute that in the first instance the burden of proof is upon the proponent of the will to establish, prima facie, the formal execution of same, and it was the execution of the will upon which the administrator primarily founded his attack. The probate judge was not confronted with revocation of the instrument — his problem being to determine the validity or invalidity of same. In such a situation, no presumption existed as to the validity of the instrument, i. e., testacy.
Ordinarily, we might consider the probate judge’s recitation as surplusage and find that since the record contains adequate proof for him to reach the same conclusion without indulging in the mentioned erroneous presumption, that such recitation amounted to surplusage and harmless error. However, it appears that due to the errone *342 ous presumption the probate judge may have given unwarranted weight to the testimony of the subscribing witnesses, and we are not convinced that he would have reached the same conclusion had he not indulged in the erroneous presumption.
We, therefore, reverse with directions to the probate judge to set aside the instant order of probate, and to enter another order based upon the evidence in this cause as he finds fit and proper in light of this opinion.
WIGGINTON, Acting C. J., and STUR-GIS, J., concur.

. The witnesses to the codicil were other persons than the alleged witnesses to the will and no evidence was presented by the administrator as to any improper execution of the codicil.

. 57 Am.Jur., Wills, § 859.

. Barry v. Walker, 103 Fla. 533, 137 So. 711 (1931); Thompson v. Freeman, 111 Fla. 433, 149 So. 740 (1933).