SCHWARTZ, Judge.
Section 732.502(1), Florida Statutes (1975) provides that “[t]he testator must sign his will at the end . ” [e. s.] Louise Bradley apparently signed her two page printed form will, not on the designated line, but rather following the printed words “Will of” in the indorsement or identification section of the form. Without taking testimony which was subject to cross-examination, and based only on an “oath” of a witness to the will, which was sworn to but which was itself merely a form, the trial judge nevertheless admitted the instrument to probate. On this appeal by those of the decedent’s heirs who seek to take by intestacy, we reverse the order below and remand the cause for a full evidentiary hearing.
The “Rameo Form 455” will employed by Mrs. Bradley, without the advice of a lawyer, consists of a single sheet, with printing on both sides. On the front or first page, Mrs. Bradley hand wrote the intended disposition of her estate and filled in the name of the present appellee, one of her sons, as her executor. The reverse or second page was executed as follows:
*169 [[Image here]]
*170 Since the notary signed where the testatrix should have,[1] the only purported signature of Mrs. Bradley thus appears in the “vertical” section of the form.[2] Is that place “at the end” of this will? We hold that this question should not have been answered below without holding a formal hearing on the issue.
The varied imagination of mankind seems to have manifested itself in the countless ways in which it makes its wills. And it is a monumental understatement that the courts have been perplexed by the proper application to these myriad situations of the common, and apparently simple, statutory requirement that a will be signed at its “end.” See In re Schiele’s Estate, 51 So.2d 287 (Fla.1951) (decisions characterized as in “sharp and almost irreconcilable conflict”); cases collected, Annot., When is Will Signed at “End” or “Foot” as Required by Statute, 44 A.L.R.3d 701-749 (1972). The general rule to be followed in resolving these problems has been, we think accurately, summarized as follows at 44 A.L.R.3d 710:
“The cases treated in the annotation generally recognize that in enacting a statute requiring a testator to sign his will ‘at the end,’ the legislature was not demanding that a testator sign at the physical end of his will or at the point spatially farthest from the beginning of the instrument. On the contrary . the ‘end’ of a will, as contemplated by a statute requiring that a testator sign at that point, is the logical end of the language used by the testator to state his testamentary intention, or, in other words, the sequential end of the paragraphs and pages, as made manifest on the face of the instrument.”
The difficulty, as usual, arises in applying the general rule to the particular facts before us. In attempting to do so, we are met with conflicting inferences which arise from the face of the instrument.
On the one hand, it seems quite clear that the place where Mrs. Bradley signed was not the “logical” end of the testamentary language. The line on the instrument specifically for the willmaker’s signature, where the notary signed instead, plainly was the logical end; that is exactly why the line was put there. Reflecting this fact, several courts have concluded that a signature placed, as was Mrs. Bradley’s, after the printed identification of an instrument as the “Will of . . ” was not at the “end” of the will. In re Seaman’s Estate, 146 Cal. 455, 80 P. 700, 703 (1905), and cases cited; In re Dietterich’s Estate, 127 Pa.Super. 315, 193 A. 158 (1937); In re Gagen’s Will, 46 N.Y.S.2d 215 (Sur.Westchester Co., 1944); cf. In re Conway’s Will, 124 N.Y. 455, 26 N.E. 1028 (1891).
On the other hand, in contrast to the situations in the Seaman and Gagen [3] cases, supra, in which the “Will of . . . ” printing was separated by one or more pages from the dispositive provisions of the instrument, the signature in this case was physically in immediate juxtaposition to that language.[4] Thus it satisfied the condition stated in In re Seaman’s Estate, supra, at 80 P. 702; that
“It must appear upon the face of the instrument not only that he intended to place [the signature] at the end of his testamentary provisions, but that he has in fact placed it in such proximity thereto as to constitute a substantial compliance with this requirement of the statute.”
*171 Moreover, it seems very likely on the face of it that Mrs. Bradley signed at the place in question immediately after and thus temporally at the “end” of her preparation of the will. See 44 A.L.R.3d 713-714. Finally, the fact that the notary apparently again signed under Mrs. Bradley’s signature lends further support to the conclusion that she intended her signature “to indicate an authentication of the instrument as a completed expression of [her] testamentary purposes.” Graham v. Edwards, 162 Ky. 771, 173 S.W. 127, 128 (1915).
Under these conflicting circumstances, we think that the issue was not properly decided as a matter of law, nor merely on the basis of the witness’s oath, submitted ex parte. It should instead be determined after a formal hearing on the question, with each side given the opportunity to call and cross-examine witnesses. This conclusion is supported, in fact required, by the decision in In re Schiele’s Estate, supra. In that case, our supreme court affirmed the appellate determination of the circuit court which reversed a judgment of the county judge’s court that a signature in the attestation clause was not at the “end” of the will. The lower court was required to receive evidence
“ . . . ‘as to the manner in which the said Will was executed and as to whether the signature in the attestation clause was written as his signature with the testamentary intent required by law’.”
In re Schiele’s Estate, supra, at 51 So.2d 289. The supreme court decision specifically rejected the contention that this disposition was erroneous. While Florida is apparently the only jurisdiction in which this issue is one concerning which a trier of fact may consider evidence beyond the face of the document, cf. In re Seaman’s Estate, supra, at 80 P. 703, cases collected, 44 A.L.R.3d 713, we are bound to follow this unequivocal decision of our highest court in a ease, like this one, to which its holding so clearly applies. Hoffman v. Jones, 280 So.2d 431 (Fla.1973). We have no reluctance, however, in doing so in this case. The problems about which we have spoken and which arise from a consideration merely of the instrument itself strongly support the correctness of the result in Schiele that live evidence should also be heard. The judgment under review is therefore reversed and the cause remanded with directions to conduct a hearing as to the manner and intention surrounding the execution of the instrument offered for probate.
Reversed and remanded.

. Apparently everyone thought the word “seal” meant that a notary and a notarial seal were required. Of course, they were not.

. There is no claim that, as in In re Schiele’s Estate, infra, she printed “Louise M. Bradley” in the attestation clause.

. At 44 A.L.R.3d 727, the Gagen case is described as one in which the testator’s signature appeared “on the back” of the will.

.The Pennsylvania Dietterich case, supra, is factually on point but is not persuasive in Florida because it relies on In re Churchill’s Estate, 260 Pa. 94, 103 A. 533 (1918), which holds that a signature in the attestation clause is not at the “end” of the will, and is thus directly contrary to In re Schiele’s Estate, supra.