539 So.2d 27 (1989)
Jane MANSON, Appellant,
v.
Fremont B. HAYES, Appellee.
No. 88-2017.
District Court of Appeal of Florida, Third District.
March 7, 1989.
Lamont, Neiman & Feuerman and Jonathan Feuerman, Miami, for appellant.
Corlett, Killian, Hardeman, McIntosh & Levi and Donna G. Levi and Love Phipps, Miami, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal from an order refusing to admit the will of Raymond M. Hayes to probate. We affirm.
After Raymond Hayes' demise, a last will and testament was found among his papers. A petition to determine the validity of the will was filed, alleging that the will had not been executed in accordance with the statutory requirements. The 1971 version of the Florida probate law, which was in effect at the time of execution, provided in part:
731.07 Execution of wills.  Every will, other than a nuncupative will, must be in writing and must be executed as follows:
(1) The testator must sign his will at the end thereof, or some other person in his presence and by his direction must subscribe the name of the testator thereto.
(2) The testator, in the presence of at least two attesting witnesses present at the same time, must sign his will or cause his name to be signed as aforesaid or acknowledge his signature thereto.
*28 § 731.07(1) & (2), Fla. Stat. (1971) (present version § 732.502, Fla. Stat. (1987)).
The trial court conducted an evidentiary hearing at which the testimony of the attesting witnesses was in direct and irreconcilable conflict.[1] It was the province of the trial judge to hear the evidence, assess the credibility of the witnesses, and resolve the conflict in testimony. In re Estate of Richmond, 298 So.2d 549, 550 (Fla. 2d DCA 1974). He did so. There is competent substantial evidence to support the conclusion reached.
The order under review is affirmed.[2]
NOTES
[1] One of the witnesses testified that the testator was present at the signing, signed in the presence of the other subscribing witnesses, and acknowledged that the document was his will. The other two attesting witnesses who were in attendance testified that the testator was not present, did not discuss the will with them, and did not at that time, or on any other occasion, acknowledge his signature or indicate that he had caused his name to be signed to the will.
[2] The purpose of the statute is to assure not only that the signature on the will is that of the testator, but to provide reasonable assurance of the circumstances under which the signature was affixed to the document. See generally In re Estate of Olson, 181 So.2d 642, 643 (Fla. 1966). Where, as the court found here, the statutory formalities are not complied with, that assurance is missing.