611 So.2d 544 (1992)
Nancy Pam SIMPSON, et al., Appellants,
v.
Clydia M. WILLIAMSON, et al., Appellees.
No. 91-2180.
District Court of Appeal of Florida, Fifth District.
December 18, 1992.
Rehearing Denied January 25, 1993.
*545 Bruce Marger of Goldner, Reams, Marger, Davis, Piper & Bartlett, P.A., St. Petersburg, for appellants.
Peter H. Ward of Ward & Ward, Gainesville, for appellee Clydia M. Williamson.
W. SHARP, Judge.
Petitioners below (Simpson, Nabors and Cleveland Williamson) appeal from the probate court's final summary judgment, which held that the will of Edwin R. Williamson, Sr., dated March 30, 1985, was validly executed pursuant to Florida law. They argue that an affidavit filed in opposition to the respondent's (Clydia M. Williamson's) summary judgment motion creates an issue of fact as to whether Williamson, Sr.'s will was properly executed. We agree and reverse.
The record in this case shows that an attorney, Welden, prepared a will for Williamson, Sr. Two bequests to Clydia and Elizabeth Williamson (both former wives) were increased from $10,000 to $25,000. The will was signed at the end by the testator, Williamson, Sr. It was witnessed by Niven and Bass, on page five.
Attached to the will on page six is an acknowledgment or self-proving clause signed by Williamson, Sr., Niven and Bass. It recites that the testator signed the will in their presence, and that each witness signed in the presence of the other two, and that the testator executed his will in a rational state of mind. At the bottom of page 6, Welden took their acknowledgments, and signed and sealed the document as a notary public.
Williamson, Sr. died on September 22, 1988, and his will was admitted to probate on November 8, 1988. Petitioners sought to revoke probate of the will on the ground that Bass had not actually witnessed the testator sign the will, nor the other witness, Niven. Bass alleged he was in a room with Weldon only when he "witnessed" the will.
Bass' affidavit, filed in opposition to respondent's motion for summary judgment, set out the above facts. In addition, he alleged that when the will was brought to him to sign by Welden, Welden had not then signed the self-proving affidavit, although Williamson and Niven had both already signed it. He alleged Welden told him he was going to take the will back to his office to have his secretary notarize it, and that he would return the will to Williamson, Sr. the following day.
Countering Bass' affidavit, Welden filed an affidavit that he was in Williamson, Sr.'s presence, together with Bass and Niven, when the will was executed and witnessed. He saw all three persons (together) sign the will, as well as the attestation clause, and he signed on page six in their presence. He also realleged all the particulars about Williamson's competency and due execution, which were set forth in the self-proving affidavit.
Since the probate court entered a summary judgment upholding the valid execution of the will, the issue in this case is whether Bass' affidavit created a material question of fact that its execution failed under section 732.502. That provision requires:
Every will must be in writing and executed as follows:
(1)(a) Testator's signature. 
1. The testator must sign the will at the end; or
2. The testator's name must be subscribed at the end of the will by some other person in the testator's presence and by his direction.
(b) Witnesses.  The testator's:
1. Signing, or
2. Acknowledgment:
* * * * * *

*546 must be in the presence of at least two attesting witnesses.
(c) Witnesses' signatures.  The attesting witnesses must sign the will in the presence of the testator and in the presence of each other.
Appellees argue that even though Bass' affidavit casts doubt (or at least creates a question of fact) as to whether he was a proper witness to the will, that Bass can be deemed superfluous because Welden was present and witnessed the will's execution and can serve as the required second witness. To sustain due execution of this will, the capacity in which Welden signed the will must not be determinative, and Bass' affidavit must not counter Welden's on the fact that Welden was together with Bass, Nevin and the testator when they mutually signed the will. We will discuss each point separately.
It is well established that the execution of a will may be valid, even though a required witness signs in a capacity other than that of a witness.[1] In a number of cases, a notary has been held to be a valid witness to the execution of a will, where such person could have served as a witness, under the circumstances, had he signed in that capacity. See Annotation, Wills: Character as Witness of One Who Signed Will For Another Purpose, 8 A.L.R. 1075 (1920); Tyson v. Utterback, 122 So. 496 (Miss. 1929).
The court in In re Lomineck's Estate, 155 So.2d 561 (Fla. 1st DCA 1963), allowed the scrivener for a testator, who signed with a "per" before his name and just below the testator's name, to substitute for a subscribing witness to a will, where one of the witnesses was not present when the testator signed her will. The court said:
It is not necessarily where the signature of the witness appears that controls under the facts of each case, but whether it was affixed under such circumstances as to in fact constitute the person an attesting and subscribing witness within the meaning of the statute; and testing the instrument in question by that standard, it cannot be said that the trier of fact erred in holding that Pinkston and Miller were competent subscribing witnesses to decedent's will. The question occurs as to whether Pinkston, had he signed his name just above or below that of witness Miller, as shown above, would have constituted himself a more perfect subscribing witness than by his single signature appearing where it does on the instrument; and the obvious answer is in the negative. The word "Witnesses:" appearing alone at the place following testator's signature on a purported will does not have the efficiency of excluding the signature, as a subscribing witness, of one who signs at some place other than immediately below that word.
Id. at 565.
In re Lomineck is consistent with In re Schiele's Estate, 51 So.2d 287 (Fla. 1951). In Schiele's, the Florida Supreme Court held that the location of the testator's signature on the will at a place other than the signature line, will not alone bar probate of the will, if he signed with the intent to formally execute his will. Id. The testator in that case signed his name in the attestation clause.
Appellants argue that Welden's signature on the last line of the self-proving page does not qualify as a signature on the will itself, since the self-proving page is not an essential part of the will. In re Schiele's Estate is factually opposed to that view and our sister courts have taken the position that the attestation clause or self-proving affidavit is not a necessary or essential part of a will, but when originally incorporated into one, it can be a part of it. See In re Estate of Dickson, 590 So.2d 471 (Fla. 3d DCA 1991); In re Estate of Charry, 359 So.2d 544 (Fla. 4th DCA 1978).
In In re Estate of Charry, two witnesses signed only the self-proving clause of a will but not a separate attestation clause. The court held they were effective witnesses to the will even though they signed in the wrong place. It said:
There is no requirement that the witnesses sign at any particular place or with *547 any particular mental intent. To require that a witness have any specific mental intent when he subscribes a will would make the validity of every will subject to the testimony of any witness that he did not have the requisite particular intent when he signed. We decline to add this dangerous concept to the requirements of the statute.
Id. at 545.
Finally, appellants argue that Bass' affidavit creates an issue of fact as to whether Williamson, Sr. signed his will in the presence of two witnesses, who then in each other's mutual presence as well as the testator's, affixed their signatures as witnesses. Pursuant to the current Florida statute, it is essential for the witnesses to sign in the testator's and each other's presence. See Manson v. Hayes, 539 So.2d 27 (Fla. 3d DCA 1989); In re Estate of Kavcic, 341 So.2d 278 (Fla. 1st DCA 1977); Annotation, Who Constitutes the Presence of the Testator In the Witnessing of His Will, 75 A.L.R.2d 318, 335 (1961); I Redfern, Wills and Administration In Florida, paragraph 7-9 (6th ed. 1986).
If Welden can be considered to be a witness to Williamson, Sr.'s will by virtue of his signature as a notary on the self-proving clause of the will, as the above authorities indicate he can, does Bass' affidavit counter Weldon's averments that he was present when the testator signed, and was together with both Niven and Williamson when Niven and he both signed? Bass' affidavit does not challenge that scenario. Bass avers he was not present when any one else signed the will. He does not challenge the fact that Welden, Niven and the testator were together when Niven and Williamson signed the will, and that Welden also signed in their mutual presence.
However, Bass' affidavit does dispute Weldon's on the assertion that all four (Bass, Niven, Williamson and Weldon) were together when the will was signed by them all. Weldon's affidavit does not merely allege that he, Niven and Williamson were together. That casts doubt on the veracity of Weldon's scenario. Further, Bass' affidavit that Weldon had not signed the self-proving clause when he brought the will to Bass to witness it, also casts doubt on Weldon's assertion he signed in the presence of the testator and other witnesses.
We conclude that, although Weldon could have been the second essential witness to the will, whether or not he executed it in the presence of the testator and Niven, and in turn, saw them sign the will in their respective capacities cannot be determined, as a matter of law, based on this record. This essential issue must be tried by the court below. Accordingly, we reverse and remand this cause for further proceedings.
REVERSED and REMANDED.
GOSHORN, C.J., and COWART, J., concur.
NOTES
[1] 79 Am.Jur.2d Wills § 268.