902 So.2d 198 (2005)
Mabel JORDAN, Appellant/Cross-Appellee,
v.
Stephanie Feldman FEHR, as Personal Representative of the Estate of Allen M. Feldman, Appellee/Cross-Appellant.
No. 1D04-0762.
District Court of Appeal of Florida, First District.
April 12, 2005.
Rehearing Denied May 19, 2005.
*199 Norman J. Abood, Jacksonville, for Appellant/Cross-Appellee.
Charles P. Pillans of Bedell, Dittmar, DeVault, Pillans & Coxe, Jacksonville, for Appellee/Cross-Appellant.
VAN NORTWICK, J.
This appeal and cross-appeal arise from a final summary judgment entered in a probate proceeding instituted by appellee, Stephanie Feldman Fehr, a surviving *200 daughter of Allen M. Feldman who died in Jacksonville, Florida, on July 12, 2000. Because we conclude that the will was not executed in conformity with the requirements of section 732.502(1), Florida Statutes (1999), we hold that the will was invalid and that it was error to admit the will to probate. Accordingly, we reverse and remand.
After the death of her father, Fehr filed a petition for administration seeking appointment as personal representative of her father's estate. She represented that no will was known to exist. After Fehr's appointment as personal representative, Mabel Jordan, appellant, who had lived with the decedent since approximately 1986, filed a document which she claimed was a will executed by Feldman. Since 1991, Jordan and the decedent had jointly owned a lake house in Anderson, South Carolina, title to which was in her name at the time of Feldman's death. In 1991, the decedent quit-claimed his Jacksonville home to Jordan, reserving to himself a life estate. Jordan subsequently sold the South Carolina house and packed its contents in boxes which she brought back to Jacksonville. Keith W. Ketron testified that he found the will along with "pots, pans, dishes, china, linens, and other papers" in one of the boxes brought back from South Carolina. Ketron, who testified that he prepared the form of the purported will and is one of the subscribing witnesses on the purported will, was the owner of Grannie Mac's Restaurant in Jacksonville, which he had purchased from Greg M. Correia, the other subscribing witness on the will. The purported will named Mabel Jordan as executor and left each of the decedent's surviving children $250. Further, the will provided in the residuary clause, as follows:
Second: I give, bequeath and devise To Mrs. Mabel E. Jordan, all of my remaining estate and contents therein to be disposed of as she sees fitAccording to my wishes.
An adversary proceeding commenced and eventually each party filed motions for summary judgment. Fehr argued that the decedent's signature on the will was a forgery; that the will was not executed in accordance with section 732.502; and that as a matter of law the document is a nullity, because the dispositive provisions of the residuary clause attempt to create a trust and, since the trust is indefinite, the trust fails. Jordan argued that the will was validly executed and makes a valid devise to Jordan. Jordan also asserted that the will is unambiguous and does not attempt to create a trust, contrary to Fehr's argument.
After a hearing on the motions and after considering the depositions filed in support of the motions for summary judgment, the circuit court issued an order granting summary judgment in favor of Fehr. The trial court found that the residuary clause of will attempted to create a trust or a power of attorney over the residuary assets. The court then ruled that the trust is so indefinite that it fails. The trial court denied Fehr's other grounds for summary judgment and denied Jordan's motion for summary judgment.
Jordan appeals the trial court's denial of her motion for summary judgment. Fehr cross-appeals, arguing that the trial court erred in denying her motion for summary judgment on the ground that the will was not executed in accordance with Florida law. Jordan submits that this court lacks jurisdiction over the issue on cross-appeal.
Turning first to the cross-appeal, we reject Jordan's argument that this court lacks jurisdiction to consider the cross-appeal. The order under appeal is a final order under rule 9.110(a)(2). Because *201 appellate jurisdiction over the final order on motions for summary judgment was properly invoked by the timely filing of the notice of appeal, pursuant to rule 9.110(h), Florida Rules of Appellate Procedure, this court may review any ruling or matter occurring prior to the filing of the notice. Fehr properly invoked her right to contest a ruling by the lower court in the final order by timely filing a notice of cross appeal.
As for the merits of the issue on cross-appeal, section 732.502(1), Florida Statutes (1999), provides that the testator must sign or acknowledge his signature on the will in the presence of two witnesses and that the attesting witnesses must sign the will in the presence of the testator and in the presence of each other. To create a valid will, a testator must strictly comply with the requirements of section 732.502. Allen v. Dalk, 826 So.2d 245, 247 (Fla.2002). An improperly attested will may not be admitted to probate. Id. at 247-48. The purpose of the statute governing the execution of will is to assure not only that the signature on the will is that of the testator, but to provide reasonable assurance of the circumstances under which the signature was affixed to the document. Manson v. Hayes, 539 So.2d 27, 28 n. 2 (Fla. 3d DCA 1989). Thus, to satisfy the requirements of the statute, it is essential for the witnesses to sign both in the testator's presence and in the presence of each other. Simpson v. Williamson, 611 So.2d 544 (Fla. 5th DCA 1992). Section 732.503, Florida Statutes (1999), provides for a procedure and forms by which a will may be made self-proved at the time of its execution or at any subsequent date. A will made self-proved under this statute is rendered admissible to probate without the testimony of the attesting witnesses. Blits v. Blits, 468 So.2d 320, 321 (Fla. 3d DCA 1985).
The essential facts relating to the execution of the will are not in dispute. The will was not self-proved under section 732.503. Thus, Jordan had the burden "as the proponent of the will to establish prima facie its formal execution and attestation." § 733.107, Fla. Stat. (1999); see also In re Nuckols' Estate, 147 So.2d 340, 341 (Fla. 1st DCA 1962). Jordan submitted a deposition from each of the two purported witnesses to the execution of the will. This execution was said to have taken place at Grannie Mac's restaurant where the two witnesses, Ketron and Correia, worked. The circuit court found that issues of fact remained as to whether the will was properly executed, and thus denied summary judgment as to that ground. While we agree that certain facts concerning the execution are in dispute, the depositions offered by Jordan in support of her claim of valid execution do not contain facts which establish that the decedent signed or acknowledged the will in the presence of the two attesting witnesses and that the two attesting witnesses signed the will in the presence of each other. At deposition, witness Correia testified that he did not see Feldman sign the will. Correia's deposition was taken at one of the tables in Grannie Mac's after it had closed for the day:
Q. All right. Did you see Mr. Feldman sign his name there?

A. No, I did not.

Q. I believe you said you can't recall whether he was here or not when you signed it?
A. I'm not totally sure. I am not a hundred percent sure.
Q. Who asked you to witness the will?
A. Keith. Asked me to witness this paper or  I don't know what he said. I don't listen to what they are asking. I totally trust him, okay, and if he asks me to sign something, I'll sign it.

*202 Q. Keith asked you to sign this 
A. Right.
Q. the document that's Plaintiff's Exhibit 5, second page?
A. Right. If you want to know, I walked out here, I can see his name, well, I'm like a monkey, I wrote my name and my address and I was gone.

Q. Where were you when you said you walked out here?
A. Out the door, it's the end of the day, I'm leaving.
Q. Where were you before you came out to sign it?
A. In the back.
Q. And so you walked out here and he asked you to sign it and so you signed it
A. Right.
Q.  and walked off 
A. Exactly.
(Emphasis added).
Ketron, the other purported witness to the will, first claimed that Correia was present when the will was signed by the decedent, and then, when questioned as to where Correia was, changed his testimony and said:
I really don't know, seriously, so I'm not going to answer because I don't recall. So  I mean, you know, I don't know if he was sitting down, standing next to him, by him, or whatever. He may have been in the bathroom for all I know. I don't recall so I'm just going to say I don't recall on that part of it.
Jordan did file an affidavit of Ketron in support of her motion for summary judgment, but it was not considered by the trial court because it was not timely filed under rule 1.510. In addition, this affidavit directly contradicted Ketron's prior deposition testimony. Ellison v. Anderson, 74 So.2d 680 (Fla.1954)(an affidavit which repudiates the affiant's previous deposition testimony cannot create a jury issue); Stanford v. CSX Transp., Inc., 637 So.2d 37 (Fla. 2d DCA), rev. denied, 645 So.2d 451 (Fla.1994)(a party may not file an affidavit directly contradicting the affiant's sworn testimony in order to avoid the entry of summary judgment). As a result, there was no admissible evidence which could establish that the will was executed by the decedent in the presence of Correia or that the witnesses attested the will in the presence of each other.
The circuit court erred, therefore, in not granting summary judgment in favor of Fehr on the ground that the will was not validly executed. We need not consider, then, Jordan's argument that the trial court erred in ruling that the residuary clause was a nullity as a failed attempt to create a trust. Because the will was not validly executed, it could not be admitted to probate and no part of it is valid. The cause is reversed and remanded to the lower court with the instructions that the will is to be stricken and that the assets of the estate are to be distributed according to law of intestate succession.
REVERSED and REMANDED.
ALLEN and PADOVANO, JJ., concur.