PALMER, C.J.
 

 In this probate proceeding, Fran Price appeals the final summary judgment entered by the trial court in favor of the appellees on Price’s petition for the administration of a lost will. Finding no genuine dispute as to any material issue of fact, we affirm.
 

 On April 21, 2005, Price filed a petition seeking the administration of the estate of Thomas Flanigan. The petition explained that Flanigan died on February 15, 2005, and that Price was the personal representative of Flanigan’s “undiscovered will”. The petition averred that “[t]he original of the will which is known to exist as of January 2005 has not been found and may not exist at this time”. The petition requested that the trial court admit Flani-gan’s estate to probate and that Price be appointed as the personal representative of the estate.
 

 After the trial court issued letters of administration to Price, Flanigan’s eight intestate heirs filed a petition to determine the beneficiaries of Flanigan’s estate. In response, Price filed a petition to establish a lost will. Price’s petition alleged that Flanigan had executed a valid will but that it had not been found.
 

 Upon review of cross-motions for summary judgment, the trial court issued a final order determining that Flanigan had died intestate. Of importance to this appeal, the trial court determined that there were no disputed issues of material fact and that, as a matter of law, Flanigan died intestate because the lost will which Price was seeking to enforce was invalid because it had not been executed with the formalities required by section 732.502 of the Florida Statutes (2005). This appeal timely followed.
 

 An essential prerequisite to establishing and probating a lost will is proof that the lost document was executed in accordance with the formalities set forth in section 733.502 of the Florida Statutes. A testator must strictly comply with the requirements of the statute in order to create a valid will.
 
 Allen v. Dalk,
 
 826 So.2d 245, 247 (Fla.2002).
 

 Section 733.502 of the Florida Statutes provides that, among other things, it is essential to the validity of a will for the witnesses to sign in the testator’s and each other’s presence.
 
 Simpson v. Williamson,
 
 611 So.2d 544, 546 (Fla. 5th DCA 1992). The proponent of a will bears the burden of establishing
 
 prima facie
 
 its formal execution and attestation.
 
 See
 
 § 733.107(1), Fla. Stat. (2005). An improperly attested will can hot be admitted to probate.
 
 Jordan v. Fehr,
 
 902 So.2d 198, 201 (Fla. 1st DCA 2005).
 

 In seeking summary judgment, Flani-gan’s heirs asserted that Price could not sustain her burden of proving that Flani-gan’s purported lost will had been properly attested to. To support their claim, the heirs cited to the deposition testimony of the only living witnesses to the execution
 
 *39
 
 of Flanigan’s purported lost will, bank employees Dalila Ramos and Donna Fazio.
 

 Ramos testified that Flanigan asked her to notarize a hand-written piece of paper which stated “that he was leaving basically everything that he owned to Fran Price.” Ramos testified that she did not remember if Flanigan signed the paper in her presence or not. Ramos further testified that after she notarized the document she called over a teller named Donna Fazio to act as a witness. Critical to this appeal, she further testified:
 

 Q. Now, when you signed it, was Donna Fazio present?
 

 A. No.
 

 [[Image here]]
 

 Q. And Donna Fazio did not see you sign the document; is that correct?
 

 A. That is correct.
 

 Donna Fazio’s deposition testimony was consistent with the testimony submitted by Ramos. In that regard, Fazio testified that Ramos summoned her by using a phone intercom, and that Ramos asked her to witness a document:
 

 Q. You say by the time you got there, everything was already signed?
 

 A. Yes, sir.
 

 Q. Now, did you see anybody sign?
 

 A. No.
 

 Q. Were you present when anybody signed?
 

 A. No.
 

 The trial court concluded that entry of summary judgment in favor of the heirs and against Price was warranted because the uncontradicted record evidence demonstrated that Ramos and Fazio did not sign in the presence of each other because Fazio was not in the presence of Ramos when Ramos signed the document. Price challenges this ruling, conceding that there are no cases in Florida which expressly define the term “in the presence of each other” for purposes of the statute but claiming that, given the physical proximity of the two witnesses, the determination of this issue involves genuine issues of material fact which should be determined by the trier of fact after hearing the actual testimony of the witnesses. We disagree.
 

 The decision issued by our Supreme Court in
 
 State v. Werner,
 
 609 So.2d 585 (Fla.1992), supports the trial court’s ruling. In that case, the Court was asked to define the word “presence” for purposes of the lewd and lascivious act statute, section 800.04(3) of the Florida Statutes, which provides that any person who knowingly commits any lewd or lascivious act “in the presence of’ any child under the age of 16 years without committing the crime of sexual battery is guilty of a felony of the second degree. The State argued that the plain and ordinary meaning of “presence” is “the part of space within one’s immediate vicinity.” Upon review, the Court rejected the State’s argument and concluded that, while the child need not be able to articulate or even comprehend what the offender is doing, the child must see or sense that a lewd or lascivious act is taking place for a violation to occur.
 

 Application of this reasoning to the instant case supports the trial court’s conclusion that the mere fact that Ramos and Fazio were in the vicinity of one another at the time Ramos signed Flanigan’s will was insufficient to satisfy the statutory requirement that Ramos sign the will in Fazio’s presence. Accordingly, we affirm the trial court’s ruling.
 

 AFFIRMED.
 

 TORPY and EVANDER, JJ„ concur.