DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ARLYNE BETH HELFENBEIN,**
Appellant,

v.

**ESTELLE BAVAL,**
Appellee.

No. 4D13-2366

[February 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Mel Grossman, Judge; L.T. Case No. 10-5600.

Scott A. Weiss of Selzer & Weiss Attorneys at Law, Fort Lauderdale, for appellant.

Douglas F. Hoffman of Rudolf & Hoffman, P.A., Fort Lauderdale, for appellee.

STEVENSON, J.

Arlyne Helfenbein ("Daughter") appeals an order granting Estelle Baval's ("Wife") motion for summary judgment and finding that she is entitled to take an elective share of her deceased husband's estate. We find that a genuine issue of material fact remains and reverse and remand for further proceedings.

*Facts*

Bernard Baval ("Testator") died on October 29, 2010. Daughter was named personal representative of Testator's estate. Seeking clarification of the correct will to admit to probate, Daughter submitted two wills signed by Testator: one from 1982 ("1982 Will") and one from 2007 ("2007 Will"). The 1982 Will contained Wife's waiver of her right to an elective share. Under the 2007 Will, which revoked all previous wills and did not contain a waiver of Wife's right to an elective share, Daughter was afforded discretion to give Wife $150,000 from Testator's estate.

Before any will was admitted to probate, Wife filed a petition to take her elective share under Testator's estate and filed a motion for summary

judgment on her entitlement to an elective share.  Daughter responded to Wife's motion and argued that the 2007 Will was invalid.[1]  To support this assertion, she attached the affidavit of Murray Adler, a witness to the 2007 Will.  Murray Adler alleged that he did not sign the will in the presence of the other witness and that he did not see Testator sign the will.

Following a hearing, the trial court granted Wife's motion, finding that the 2007 Will was not facially invalid "simply because the self-proving affidavit was executed at a date subsequent to the date of execution of the 2007 will" and quoting section 732.503, Florida Statutes (2007), in support thereof.  It also found that the waiver attached to the 1982 Will applied to only that will and not to any subsequent will.  Following Daughter's motion for rehearing, the trial court clarified that the 2007 Will was executed in conformity with section 732.502, Florida Statutes (2007).[2]

*Analysis*

This case turns heavily on the validity of the 2007 Will.  Section 732.503(1), Florida Statutes (2007), provides:

---

[1] Hypothetically, if the 2007 Will was found to be invalid, then the 1982 Will arguably could be revived under the doctrine of dependent relative revocation, and Wife would not be entitled to an elective share due to her waiver.  *See Rosoff v. Harding*, 901 So. 2d 1006, 1009 (Fla. 4th DCA 2005) (stating the doctrine of dependent relative revocation "'simply . . . means that where testator makes a new will revoking a former valid one, and it later appears that the new one is invalid, the old will may be re-established on the ground that the revocation was dependent upon the validity of the new one, testator preferring the old will to intestacy'") (quoting *Stewart v. Johnson*, 194 So. 869, 870 (Fla. 1940)).

[2] Section 732.502(1)(a)–(c), Florida Statutes (2007), provides:

> Every will must be in writing and executed as follows:
> (1)(a) *Testator's signature.*--
> 1. The testator must sign the will at the end; or
> 2. The testator's name must be subscribed at the end of the will by some other person in the testator's presence and by the testator's direction.
> (b) *Witnesses.*--The testator's:
> 1. Signing, or
> 2. Acknowledgment:
> a. That he or she has previously signed the will, or
> b. That another person has subscribed the testator's name to it,
> must be in the presence of at least two attesting witnesses.
> (c) *Witnesses' signatures.*--The attesting witnesses must sign the will in the presence of the testator and in the presence of each other.

A will or codicil executed in conformity with s. 732.502 may be made self-proved at the time of its execution or at any subsequent date by the acknowledgment of it by the testator and the affidavits of the witnesses, made before an officer authorized to administer oaths and evidenced by the officer's certificate attached to or following the will . . . .

Section 732.503(1) contemplates that the will is already in compliance with section 732.502 before turning to section 732.503(1). Murray Adler's affidavit, wherein he alleged he did not sign in the presence of the other witness, suggests that the March 2007 execution failed to comply with section 732.502. In order to properly execute a will under section 732.502, "[t]he attesting witnesses must sign the will . . . in the presence of each other." § 732.502(1)(c), Fla. Stat. (2007). Adler's allegation that he did not sign in the presence of another witness creates a genuine issue of material fact as to the initial execution of the 2007 Will. *See Simpson v. Williamson*, 611 So. 2d 544, 547 (Fla. 5th DCA 1992) (finding there was a genuine issue of material fact as to the execution of a will when a witness submitted an affidavit stating he was not present when three others signed the will).

The second set of signatures, dated April 23, 2007, which served to act as a self-proof clause, is also problematic. The notarized paragraph lists four people (Testator and three witnesses); however, only Testator and two witnesses signed.[3] On its face, the self-proof clause raises an issue as to the veracity of Testator and the two signing witnesses because they "were sworn and declared to the undersigned . . . that each of the Witnesses, in the presence of the Testator and each other, signed the will as a witness." This discrepancy concerning who was present raises an issue as to the entire execution of the self-proof clause.

In *Simpson*, the testator, two witnesses and the testator's attorney (in the capacity of a notary public) signed a will and a self-proof clause. 611

---

[3] The self-proof clause provided:

We, Edward Hessing, Murray S. Adler, Nancy J. Leyton, and Bernard Baval (Testator) the Testator and the Witnesses, respectively, whose names are signed to the attached and foregoing instrument, were sworn and declared to the undersigned that the Testator signed the instrument as his or her Last Will and Testament and that each of the Witnesses, in the presence of the Testator and each other, signed the will as a witness.

Testator, Nancy Leyton and Edward Hessing all signed the self-proof clause; despite being listed, Murray Adler did not sign.

3

So. 2d at 545. One of the witnesses later submitted an affidavit, alleging that he did not see the testator sign the will nor did he sign in the presence of the other witness. The witness further alleged that, at the time he signed the self-proof clause, the testator and the second witness had already signed it, but it had not yet been notarized. *Id.* The notary public (the testator's attorney) submitted an affidavit, in which he alleged that he, the testator and the two witnesses all signed in the presence of each other. *Id.* Proponents of the will argued that the witness's affidavit was not dispositive because the notary public could serve as the required second witness. *Id.* at 546.

The Fifth District disagreed with the proponents of the will and, instead, found there was a genuine issue of material fact remaining as to the execution of the will. The court found that, although the notary public could serve as the required second witness, the witness's affidavit contradicted that of the notary public in that the witness attested the four signatories were not together at signing, while the notary attested all four were present. *Id.* at 547.

Similar to *Simpson*, there is an apparent conflict as to who was present at the time the self-proof clause was executed. The notary public attested that four people were "sworn and declared to the undersigned," yet only three people signed. Further, the three signatories swore that four people were present at the signing. This issue remains unresolved.

Accordingly, we reverse the entry of final summary judgment and remand for further proceedings. In so doing, we note that we agree with the trial court's conclusion that the waiver attached to the 1982 Will applied to only that will, and not to future wills executed by Testator.

*Reversed and remanded.*

MAY and KLINGENSMITH, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**

4