# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D2022-2393
LT Case No. 2020-33484-COCI

_____

PROGRESSIVE AMERICAN
INSURANCE COMPANY,

Appellant,

v.

EXPRESS CARE OF BELLEVIEW,
LLC a/a/o Scarlett Gillespie
Wright,

Appellee.

_____

On appeal from the County Court for Volusia County.
Robert A. Sanders, Jr., Judge.

Kenneth P. Hazouri, of deBeaubien, Simmons, Knight, Mantzaris
& Neal, LLP, Orlando, for Appellant.

Chad A. Barr and Dalton Gray, of the Law Office of Chad A.
Barr, P.A., Altamonte Springs, for Appellee.

May 24, 2024

EISNAUGLE, J.

Progressive American Insurance Company ("Progressive")
appeals the trial court's summary judgment awarding Express
Care of Belleview, LLC a/a/o Scarlett Gillespie Wright ("Express

Care") personal injury protection ("PIP") benefits for medical services provided to Ms. Wright. The central issue in this case is whether, pursuant to section 627.736(5)(a)5., Florida Statutes (2015), Progressive was authorized to pay 80% of the charge submitted by Express Care, or if Progressive was required to pay the full amount of the charge.

Section 627.736(5)(a)5. provides, in pertinent part:

> If a provider submits a charge for an amount less than the amount allowed under subparagraph 1., the insurer may pay the amount of the charge submitted.

§ 627.736(5)(a)5.

Both parties filed motions for summary judgment, each asserting the issue for resolution in the case was whether the statute permits an insurer to pay 80% of the charge submitted, or if the insurer must pay the full amount as charged. The trial court, faithfully following this court's precedent, determined that Progressive is required to pay the full amount of the charge. *See Geico Indem. Co. v. Affinity Healthcare Ctr. at Waterford Lakes, PL*, 336 So. 3d 404, 406 (Fla. 5th DCA 2022) ("*Affinity*"); *Hands On Chiropractic PL v. GEICO Gen. Ins. Co.*, 327 So. 3d 439, 444 (Fla. 5th DCA 2021) ("*Hands On*"); *Geico Indem. Co. v. Accident & Inj. Clinic, Inc.*, 290 So. 3d 980, 984 (Fla. 5th DCA 2019) ("*Irizarry*").

We reverse based on our supreme court's recent decision in *Allstate Insurance Co. v. Revival Chiropractic, LLC*, 49 Fla. L. Weekly S113 (Fla. Apr. 25, 2024), where the court rejected any interpretation of "subsection (5)(a)5. as entailing a conditional *requirement* to pay 100% of the amount of 'the charge submitted' when that amount is less than the amount reimbursable under the schedule of maximum charges." *Id.* at S115. In so doing, the Florida Supreme Court explained:

> There is no basis for understanding "may pay" as a conditional "must pay" or as otherwise displacing the statutory provision . . . limiting reimbursements to 80%

2

of reasonable charges.

*Id.* at S116; *see also Progressive Am. Ins. Co. v. Back on Track, LLC*, 342 So. 3d 779, 793 (Fla. 2d DCA 2022).

In short, *Revival* makes clear that nothing in subsection (5)(a)5. suggests that we should jettison the baseline 80% reimbursement for a charge established in section 627.736(1)(a). Instead, when considered as a whole, the PIP statute contemplates reimbursement at 80% of the charge—whether that charge is the "reasonable charge" or the "maximum charge."

Given its analysis, *Revival* expressly determined that this court's interpretation of the statute in *Hands On* and *Affinity* has been "superseded." *Revival*, 49 Fla. L. Weekly at S115. We are compelled to conclude that *Irizarry* has also been implicitly overruled.

Our supreme court having rejected Express Care's statutory argument in *Revival*, and overruled our contrary interpretation of the statute in *Irizarry*, *Hands On*, and *Affinity*, we reverse the summary judgment in favor of Express Care, and remand for entry of summary judgment in favor of Progressive. *See State Farm Mut. Auto. Ins. Co. v. Precision Diagnostic, Inc.*, 358 So. 3d 1250, 1250 (Fla. 4th DCA 2023) ("We reverse the summary judgment and remand for the trial court to enter summary judgment in favor of the Insurer."); *Jordan v. Fehr*, 902 So. 2d 198, 200–01 (Fla. 1st DCA 2005) ("Because appellate jurisdiction over the final order on motions for summary judgment was properly invoked by the timely filing of the notice of appeal, pursuant to rule 9.110(h), Florida Rules of Appellate Procedure, this court may review any ruling or matter occurring prior to the filing of the notice.").

REVERSED and REMANDED with instructions.


HARRIS and MACIVER, JJ., concur.