# THE PREROGATIVE COURT

OF

## THE STATE OF NEW JERSEY.

### MAY TERM, 1897.

---

ALEXANDER T. McGILL, ORDINARY.

---

In the matter of the appointment of administrator *cum testamento annexo de bonis non* of the estate of HENRY H. BOORAEM, deceased.

1. Upon the death or renunciation of an executor, the right of a residuary legatee to administer is superior to the right of the next of kin.

2. Upon the death of the residuary legatee, his right to administer passes to his personal representatives.

---

Appeal from a decree of the Middlesex county orphans court appointing Daniel G. Stubblebine and Emma Stubblebine administrators *de bonis non cum testamento annexo* of the estate of Henry H. Booraem, deceased.

759

*Messrs. Voorhees & Booraem,* proctors for the appellants.

*Mr. Abraham V. Schenck,* proctor for the respondent.

THE VICE-ORDINARY.

Henry H. Booraem appointed his wife, Maria, and Philip Kulthau executors of his will. The testator left all his real and personal estate to his wife, Maria, during widowhood; devised a farm to his son, Garrett; left a small legacy to a cemetery association, and then gave to his grandson, Henry L. Stubblebine, upon the death or marriage of his widow, all the rest of his real and personal estate. He declared that should his wife die or marry before this grandchild should attain the age of thirty years, then all his estate so devised to the grandson should be held in trust by his executor Philip Kulthau for said grandson, with a discretion in said executor to convey the same to his said grandson before he should attain the age of said thirty years. The executrix and executor are dead. Maria, the widow, did not remarry. Henry L. Stubblebine, the said grandson, died on September 24th, 1890, in the twenty-sixth year of his age, after the decease of the testator, before the decease of the said Maria Booraem, and after the decease of the executor Philip Kulthau, who died May 25th, 1890.

Letters of administration upon the estate of the grandson were granted to Daniel G. Stubblebine, his father. Certain personal estate, amounting to $4,500 of the estate of Henry H. Booraem, deceased, is still unadministered, and Daniel G. Stubblebine, the administrator of the grandson, applied to the orphans court for letters of administration *de bonis non cum testamento annexo* of Henry H. Booraem.

A counter-claim to such administration was preferred by John V. L. Booraem, a grandson and next of kin of the testator, to whose appointment by the surrogate a caveat was interposed by Daniel G. Stubblebine, by reason of which dispute the matter went to the orphans court.

In support of the decree below the following propositions are asserted :

*First.* That the residuary personal estate of Henry H. Booraem, under his will, became a vested interest, upon the death of the testator, in Henry L. Stubblebine in fee.

*Second.* That the gift to the trustee did not affect the vesting of the interest, for the gift, being for the sole use and benefit of the *cestui que trust,* is to be regarded as a gift to the *cestui que trust.*

*Third.* That the residuary legatee, if he had lived, would have been entitled to the administration of his father's estate, in preference to legatees, next of kin or creditors.

*Fourth.* That upon his death his legal representative is entitled to the appointment to such office.

The accuracy of the first of these propositions is too plain for discussion. The gift to the grandson was a vested legacy in remainder. The person who was to take, and the event upon which he was to take, were certain. The time of payment alone was postponed. The legatee's interest is vested. *Gifford* v. *Thorn, 1 Stock. 702 ; Van Dyke* v. *Vanderpool, 1 McCart. 198 ; Neilson* v. *Bishop, 18 Stew. Eq. 473.*

So, the truth of the second proposition is equally manifest. The legacy, when the time of payment arrived, viz., on the death or re-marriage of the widow, was to go either to the trustee or the legatee, just as it happened that either of the events mentioned occurred before or after the legatee should attain the age of thirty years. The contingency, in view of which the intervention of a trustee was provided for, did not in the least change the quality of the interest in the legatee. The property was to be held for the exclusive benefit of the residuary legatee, and his interest in it was as much a vested right as if he was to have had the entire legal control of the property. *Gifford* v. *Thorn, supra ; Neilson* v. *Bishop, supra.*

In respect to the third proposition, it is clear that had the residuary legatee lived, he would have been entitled to the appointment as administrator of the estate of his testator upon the death of the executor. *In re will of Kirkpatrick, 7 C. E. Gr. 463.*

The point upon which the right of the appointees of the

orphans court is mainly challenged is that the claim of the residuary legatee to such appointment, had he lived, did not pass to his representative. The argument in support of this point is that the appointment goes to the residuary legatee, because he is the testator's choice, and is the next person in his election after the executor, but that the representative of the legatee is not the testator's choice.

But when it is said, as it has been, that the residuary legatee is the testator's choice, it is meant only that the residuary legatee has the most interest in an economical and efficient administration of the estate. Such choice by the testator does not arise from any expressed preference, but it is implied from the fact that the legatee is entitled to what is left of the estate after the payment of debts and legacies, and so has a superior right to handle the estate so as to preserve as much as possible for himself. It is upon this ground that the presumed preference of the testator is said to exist. *Donahay* v. *Hall, 18 Stew. Eq. 720.*

The rule of practice in the ecclesiastical court, in cases where the grant of administration was not within the statute, was to consider which of the claimants had the greatest interest in the effects of the deceased and decree the administration accordingly, if there were no peculiar circumstances. *Wetdrill* v. *Wright, 2 Phillim. 243, 248.* Hence, in all cases where no executor is appointed, or the appointed executor fails to represent the testator, the residuary legatee, if there be one, is preferred to the next of kin and entitled to administer *cum testamento annexo.* "The reason," said the court in *Thomas* v. *Butler, 1 Vent. 219,* "that the statute (*21 Hen. VIII.*) required that administration should be granted to the next of kin was upon the presumption that the intestate intended to prefer him. But now the presumption is here taken away, the residuum being disposed of to another; and to what purpose should the next of kin have it, where no benefit could accrue to him by it, and it is reasonable that he should have the management of the estate who is to have what remains of it after the debts and legacies are paid."

Now, in the same way that the preference of the testator, in favor of the residuary legatee, is inferred from the superior inter-

Booraem's Case.

est of the latter in the administration of the estate, so, for the same reason, his preference for the administrator of the deceased residuary legatee over his next of kin· is inferred.   The interest of the residuary legatee passes to his personal representative, and with the interest passes the right to administer.

. In *Wetdrill* v. *Wright, supra,* the testator left a widow and a daughter.   He bequeathed his property to his wife, and after her death to his daughter.   The wife was executrix and proved the will.   The daughter died after the testator, but before the widow.   After the death of the widow and daughter, the daughter's husband was appointed administrator *de bonis non cum testamento annexo* of the testator.   The court said : " The general principle, both by statute and practice, is to give the management of the property to the person who has the beneficial interest ; being a vested interest in the daughter, and she having married, and her husband having survived her, he has the same right that she would have had."

In *Jones* v. *Beytagh et al., 3 Phillim. 635,* letters of administration, which had been granted to the· executor of a creditor, were rescinded at the suit of an executor of a residuary legatee. In *Re Thirlwall, 6 Notes of Cas. in the Eccl. Cts. 44,* the letters went to the personal representative of the residuary legatee.

The insistence, therefore, that the right of administration did not pass to the representative of the residuary legatee is not tenable.

Nor is there any substance in the notion advanced that the father and widow of Henry L. Stubblebine took no interest in the residue of the estate of Henry M. Booraem, and, therefore, had no right to administer.   Henry L. Stubblebine died without issue, leaving a father and widow.   Each took one-half of his estate.   But whether the father was so entitled or not, in no degree affects his right to this administration.   It is by force of his representative character, and not by reason of the fact that he is to receive ultimately any part of the estate, that he acquires the interest which equips him with the right to administer upon the still unadministered goods of the original testator.   In respect to the appointment of the father, that appointment was

entirely regular. The appointment of the widow as joint administrator does not affect John V. L. Booraem. He does not complain of the joinder of the widow with the father in the administration. His complaint is that he himself should have been appointed, together with his brother Joseph, and that, therefore, neither Daniel G. nor the widow should have received the appointment.

I advise a decree affirming the decree of the orphans court.