John D. Bennett, S.
The instrument offered for probate is entirely in the handwriting of the deceased, the full text appearing on one page. At the end of the instrument and to the left appears the word “witness: ”. Extending to the right of the word ‘1 witness ’ ’ is the signature of Charles A. Lutz who has testified to the due execution of the will.
Below the signature of the deceased appears another signature, that of Manfred Anderson. Above Mr. Anderson’s signature is the following jurat: “ Sworn to before me this 17th day of July 1944 ”. Below Mr. Anderson’s signature is a notary’s stamp.
The question presented is whether Mr. Anderson signed the instrument in the capacity of a subscribing witness as required by section 21 of the Decedent Estate Law,
*193 The testimony of Mr. Anderson is to the effect that the deceased specifically requested him to sign the instrument offered for probate “asa notary ’ ’ even over his protests that such procedure would be incorrect. The witness, however, did state that the deceased acknowledged his signature to have been made by him, that he declared the instrument to be his will, and that at such time the deceased was competent and free from restraint.
Although section 21 of the Decedent Estate Law requires each of the two attesting witnesses to sign his name “asa witness ”, the designation of the individual whose signature appears on the propounded instrument as a “ notary ” does not of itself determine the capacity in which he signed. An inquiry should be made as to whether in fact he acted as a subscribing witness (pursuant to § 21 of the Decedent Estate Law). If the testimony bears this out, then the mere fact that the instrument describes him otherwise should not bar probate.
Particularly applicable here is the holding in Matter of McAvish (161 Misc. 887) where Delehanty, S., said: “ Neither does the fact that the witness Isidor Rothenberg was a notary public and that he described himself as such and put his stamp under his name operate to alter his character as a subscribing witness. The court holds that he was asked to act as a subscribing witness because he was a notary public and because deceased desired to have what probably seemed to her the greater value which attached to a person holding official place. The court holds expressly that the act of signing by Isidor Rothenberg was the act of a subscribing witness.
“ The case of Matter of McDonough (201 App. Div. 203) is not in point here. There the trial court found that the notary who had signed the propounded paper had acted solely in his official capacity as an administrator of an oath. He had certified in his official capacity that the instrument was sworn to before him. No such situation is here presented. The act of Isidor Rothenberg was not notarial.” (Italics supplied.)
In Matter of Hammer (72 N. Y. S. 2d 636, affd. 272 App. Div. 822) the court did not rule out the possibility of showing that one designated a “ notary ” did not in fact act as a witness (cf. Matter of Douglas, 193 Misc. 623).
Indeed, if all the other requirements of section 21 of the Decedent Estate Law are complied with, it is difficult to understand how it may be questioned that a notary public in every such case is a witness who merely adds additional formality not required by the statute. Therefore if the subscription is made by the testator in the presence of the notary (or is acknowl *194 edged by him to have been so made) and he declares the instrument to be his last will and testament, and the notary is requested to “ attest to these acts ” and signs his name at the end of the will, he becomes in fact an “attesting witness” (Decedent Estate Law, § 21; Executive Law, § 135). Put another way, the question to be determined in each instance is whether the notary was requested to attest merely to the genuineness of the testator’s signature or to all of the acts, required by the statute, which determine proper execution.
The propounded instrument will be admitted to probate, it having been established that it was executed in the manner prescribed by section 21 of the Decedent Estate Law, and that at the time of its execution the decedent was of sound mind and free from restraint,
In the absence of the appointment of an executor, letters of administration c. t. a. may issue .to the petitioner as the sole legatee, upon her qualifying according to law.
Submit decree on five days’ notice.