155 So.2d 561 (1963)
In re ESTATE of Goldia LOMINECK, also known as Goldie Irene Lomineck, Deceased.
Nos. E-87, E-97.
District Court of Appeal of Florida. First District.
August 1, 1963.
*562 George W. Scofield and Johnson S. Savary, Inverness, for appellant.
Musleh & Musleh, Ocala, for appellee.
STURGIS, Chief Judge.
The appellant, Amy Moore, a daughter of one Goldia Lomineck, alias Goldie Irene Lomineck, deceased, brings this appeal to review an order of the County Judge's Court of Marion County, Florida, denying appellant's protest against the admission to probate of a purported will of the deceased and adjudging that upon proper "proof of will and petition for probate the same be admitted to probate." By a separate appeal she seeks review of a subsequent order admitting the will to probate and directing that letters testamentary issue to a designated executor. The appeals are consolidated for the purpose of review and the orders appealed are affirmed.
The first step taken in the administration of decedent's estate was the filing of the will in question. This was followed by the giving of a notice on the part of one Dorothy Lee Crowell (a granddaughter of decedent and a beneficiary under the subject will) to certain attorneys at law that at a time stated she would attempt to have the will admitted to probate. At that point the relation of the attorneys so notified was not reflected by the record. However, the appellant then filed a pleading protesting admission of the will to probate on the grounds (1) that it was a forgery, (2) that it was not signed by the testatrix, (3) that it was not signed in her behalf by a person duly authorized, (4) that it was not witnessed according to law, and (5) that the real property constituting the sole property passing thereunder was the homestead of the testatrix and therefore not subject to devise. On the basis of these pleadings and none other the proponent and contestant of the will presented testimony on the issues tendered by contestant's pleading and thereupon an order was entered holding, in effect, that the instrument in question was *563 the valid last will and testament of the decedent, and ordering:
"* * * that upon proper Proof of Will and Petition for Probate the same be admitted to probate in this Court as the last Will and Testament of Goldia Irene Lomineck, deceased, and that the Motion to Strike be and the same is hereby denied as are the Answer and Protest and Petition Objecting to Will."
We think the quoted provision of the order is explainable by the fact that while a full hearing was had, as aforesaid, at which was presented the testimony of all persons who were shown by the will to have participated in the execution thereof  testimony purporting to reflect the surrounding facts and circumstances  the fact is that at the time the order was entered no person had filed a formal petition for admission of the will to probate, nor had the usual proof of will been made by a subscribing witness. In any event, after entry of the order the decedent's granddaughter, Dorothy Lee Crowell, petitioned the court to admit it to probate, and O.V. Pinkston, a person who was the scrivener of the will, who signed testatrix' name thereto, and who was also a subscribing and attesting witness, as hereinafter more fully discussed, made proof of the will in form agreeable to law. Pursuant to these pleadings the court entered the second order appealed, and thereby admitted the will to probate and authorized letters testamentary to be issued to a designated executor of decedent's estate, subject to his taking the required oath and furnishing bond.
Summarizing appellant's position, it is contended: (1) That the trial court erred in holding that the will in question was the true and genuine last will and testament of the decedent; (2) that the trial court erred in holding that the real property devised under the will was not homestead property; and (3) that the trial court erred in considering the supplemental proof of will and petition for probate thereof and in entering the second order appealed without notice to appellant or her attorney. We discuss the same in inverse order.
The validity of the second order appealed is challenged by reason of the fact that notice was not served on appellant or her attorney of the filing of the proof of will and petition to admit it to probate. There is no merit in this contention. All issues touching upon the validity of the will had by common consent of the interested parties been previously tried and were settled by the former proceedings resulting in the first order appealed. Moreover, it does not appear that the appellant, upon becoming advised of the entry of the second order, made any effort in the probate court to have it set aside on the ground of lack of notice in the premises. Under the circumstances of this case, which lacks any showing before the trial court or here of prejudice in the premises, we will not presume that prejudice exists or that appellant's substantial rights were violated.
On the question of whether the devised real property was the homestead of the decedent, suffice it to say that our review of the record reflects that there was ample testimony to support the conclusion of the lower court.
We have had some difficulty in determining whether the instrument in question was executed in manner and form required to entitle it to be admitted to probate as decedent's last will and testament. We have found no decided case in this jurisdiction presenting the factual situation here involved. Testatrix died November 29, 1953, survived by two daughters, Amy Moore, the appellant, and Joemimia Corine Riley; and by a son, Arthur Isham. At one time Joemimia Corine Riley and her daughter, Dorothy Lee Crowell, granddaughter of testatrix and proponent of the will, lived with the testatrix in her home but had moved therefrom approximately two years prior to testatrix' death.
The will in question was executed August 4, 1947. It was handwritten in ink and *564 purported to devise to Joemimia Corine Riley, testatrix' daughter,
"our present home site. viz: the house and one acre of land including the area upon which the house is located,"
and to Dorothy Lee Crowell, her granddaughter,
"one acre of the same home lot of two acres. the acre to run from the South East corner Northward along `Base Line' Road and meet at a common point with plot of request number one so as to give each an equal frontage on said `Base-Line' Road."
No other person or property are mentioned. It concludes as follows:
"Done this Fourth Day of August, the year of our Lord Nineteen Hundred and Forty-Seven, at Silver Springs, Fla.
 "Signed X
 Goldie Irene Lomineck
 Per Rev. O.V. Pinkston
 Box 49
 Silver Springs
Witnesses:
 Herbert L. Miller
 Silver Springs, Fla.
 Louis Brewer
 Silver Springs, Fla.
 P.O. Box 34"
The trial judge found, in effect, that the scrivener, Pinkston, signed testatrix' name to the will at her request, that he was a proper person to witness the will, and that he and witness Miller made up the requisite two subscribing witnesses to the will. On the contest of the will the evidence supporting this conclusion reflects that the scrivener of the will was O.V. Pinkston, decedent's minister and friend; that he had performed many services for testatrix over the years, including the filing in her behalf of claims for homestead exemption and the signing at her request of her name to other legal documents; that on August 4, 1947, the testatrix intercepted Pinkston and one Herbert L. Miller on their way to work and asked Pinkston to write her will; that he did so in accordance with her instructions; that at her request he signed her name thereto; that she affixed her mark ("X") thereto in the presence of both Pinkston and Miller; that at her request Pinkston and Miller, in her presence and in the presence of each other, signed the instrument as attesting witnesses. In this context, we are not unmindful that witness Miller testified that Louis Brewer, a person whose signature appears on the instrument as a witness, was not present when he and Pinkston signed it, and that he did not remember testatrix making her mark ("X") thereon. Miller testified however, that decedent requested Pinkston to sign the instrument, that he did so, and that he, Miller, signed it at the same time. Confirming the testimony of Miller, Louis Brewer testified that when he signed it there was no one present except the testatrix and himself. His participation under these circumstances is of no legal effect.
It is appellant's contention that since Brewer was not present when the testatrix put her mark on the will, since Miller testified that he did not remember seeing the decedent put her mark thereon, and since Pinkston did not sign at the place indicated for a "Witness" and only signed where he represented his capacity as the agent of the testatrix in signing her name to the document, Pinkston is not an attesting and subscribing witness within the meaning of Section 731.07, Florida Statutes, F.S.A., which requires that the testator sign at the end of the will or cause it to be signed by some other person in his presence and at his direction, and that the signing be in the presence of at least two attesting witnesses present at the time; that the evidence is conclusive, therefore, that the will was not executed in accordance with the statute. We do not so interpret the statute in determining the effect of Pinkston's acts in the premises.
Trotter v. Van Pelt, 144 Fla. 517, 198 So. 215, 131 A.L.R. 1018 (1940), holds that *565 there is compliance with the law when the will is executed in the presence of two subscribing witnesses who at the testator's request, in his presence and in the presence of each other, sign as such. In Ziegler v. Brown, 112 Fla. 421, 150 So. 608 (1933), the will was held properly executed when the testatrix, who was partially paralyzed, directed her minister to sign the will for her, all of which was done in the presence of two subscribing witnesses. In that case the testatrix made her mark on the will, but we do not think that act is essential to validity. In In re Watkins Estate, 75 So.2d 194, 45 A.L.R.2d 1360 (Fla. 1954), it was held that because one "attesting" witness failed to sign the will it was not properly executed, notwithstanding the fact that the testator actually signed the same as required by F.S. § 731.07(2), F.S.A. "in the presence of at least two attesting witnesses present at the same time."
The testimony of witness Herbert L. Miller to the effect that he did not remember whether the testatrix made her "X" mark is negative in character. The trial judge was entitled to believe the positive testimony of Pinkston that she did. Moreover, the statute does not provide that the testator execute the will by making his mark thereon in those instances where he requests another to sign in his behalf, and we will not add that requirement to the law.
We find no authority for the proposition that one who acts as scrivener of a will may not at testator's request perform the act of signing testator's name to a will and also be an attesting witness to the will. There seems to be no logical reason for holding to the contrary. We are mindful that it is a common practice for an attorney to prepare and be a subscribing witness to the will of a client.
We have carefully considered the fact that the signature "O.V. Pinkston" does not appear below the word "Witnesses:" at the end of the will, as does the signature of Miller; that Pinkston's signature appears only once as hereinabove indicated. At first blush the place where his signature appears, coupled with the expressed purpose of indicating that he signed testatrix' name thereto, would seem to raise some doubt as to whether that signature is competent also to reflect that he is an attesting witness to the will. We have concluded that it is sufficient for that purpose. It is not necessarily where the signature of the witness appears that controls under the facts of each case, but whether it was affixed under such circumstances as to in fact constitute the person an attesting and subscribing witness within the meaning of the statute; and testing the instrument in question by that standard, it cannot be said that the trier of fact erred in holding that Pinkston and Miller were competent subscribing witnesses to decedent's will. The question occurs as to whether Pinkston, had he signed his name just above or below that of witness Miller, as shown above, would have constituted himself a more perfect subscribing witness than by his single signature appearing where it does on the instrument; and the obvious answer is in the negative. The word "Witnesses:" appearing alone at a place following testator's signature on a purported will does not have the efficiency of excluding the signature, as a subscribing witness, of one who signs at some place other than immediately below that word.
While in the legal profession certain phrases have come to be commonly used for the purpose of indicating the facts and circumstances surrounding the publication, signing and witnessing of a will, when the validity of a will is challenged on the ground that it was not executed according to law it is the facts rather than the form which determines the issue.
Finding no error, the orders appealed are
Affirmed.
WIGGINTON and RAWLS, JJ., concur.