We do not retain jurisdiction.

BERNICE MCKAY, PLAINTIFF-APPELLANT, v. ESTATE OF LOUIS MCKAY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted January 4, 1983—Decided January 19, 1983.

Before Judges FRITZ, JOELSON and PETRELLA.

*Alten, Valentine, Seltzer & Shultz,* for appellant (*George L. Seltzer,* on the brief).

*L. Mifflin Hayes,* attorney for respondent.

PER CURIAM.

This is an appeal from the order of the trial court denying a motion to allow the filing of a widow's election against her deceased husband's will after the time period fixed by *N.J.S.A.*

3A:38A–5 a.[1]  We affirm substantially for the reasons set forth by Judge Steedle in *McKay v. McKay's Estate,* 184 *N.J.Super.* 217 (Law Div.1982).

Additionally, we note that in the brief filed on her behalf appellant contends that since decedent was a resident of Camden County at the time of his death, the time limit of six months from the appointment of a personal representative under *N.J. S.A.* 3A:38A–5 a is inapplicable because probate and appointment of an executor in Atlantic County were "improper and void."  The brief of the executor insists that decedent was domiciled in Atlantic County at the time of his death.  At any rate, because we have been advised by a footnote in appellant's brief that a complaint in the Law Division "has now been instituted to attack the probate," it would not be appropriate for us to deal with this issue at this juncture.

Affirmed.

---

[1]*N.J.S.A.* 3A:38A–5 was repealed by *N.J.S.A.* 3B:29–1, but was substantially reenacted by *N.J.S.A.* 3B:8–12 as to time limitations for filing a complaint for an elective share.