OPINION OF THE COURT
Bertram R. Gelfand, J.
In this probate proceeding, the propounded instrument upon its face raises a question as to its conformity with the requirements of EPTL 3-2.1 (subd [a], par [1]) requiring that a will be signed by the testator “at the end thereof”. On the instant instrument, testatrix’ signature appears below that of the subscribing witnesses. The problem is compounded by the manner in which the testatrix misused a printed will form.
Examination of the printed form reflects that after utilizing the areas reserved for dispositive provisions and the designation of a fiduciary, the area for the testatrix’ signature is ignored and left blank, as are the blanks in the printed attestation clause. After the blank attestation clause appears the signature of two subscribing witnesses and their respective addresses. Each of these subscribing witnesses appeared before the probate clerk and testified that at the time of execution they were shown an instrument, decedent stated it was her will, she signed it in their presence, and thereafter, in decedent’s presence and at her request, the witnesses affixed their signatures to the instrument.
Beneath where there appears the respective signatures of the subscribing witnesses is a printed “Affidavit of Subscribing Witness”. This affidavit is filled in with the testatrix’ name as if she were a subscribing witness to her *938 own will. The line at the end of the affidavit is signed by the testatrix and a notarization of her signature is on the instrument.
EPTL 3-2.1 (subd [a], par [1]) specifies that the testator’s signature must be at the end of the instrument. EPTL 3-2.1 (subd [a], par [4]) requires the witnesses’ signatures to also be “at the end of the will”. Both of these requirements when read together mandate no more than that both the testatrix’ signature and that of the witnesses be after all the operable portions of the will. While usually, and preferably, the signatures of witnesses are beneath or next to the signature they are witnessing, there is nothing in our statutory scheme which in itself would render the witnesses’ signatures being physically above the testatrix’ signature fatal to probate where all of the signatures are after the dispositive provisions of the will (Matter of Haber, 118 Misc 179; see, also, Matter of Dupin, 36 Misc 2d 309).
Likewise, the failure to utilize the attestation clause is of no significance. While an attestation clause is advisable, it is not a statutory prerequisite to a valid will (Younger v Duffie, 94 NY 535; Matter of Mack, 39 Misc 2d 889, affd 21 AD2d 205). Both the notarization of testatrix’ signature and her filling in the blanks on the “Affidavit of Subscribing Witnesses” with her own name are meaningless surplusage.
The court is otherwise satisfied that at the time of execution decedent possessed testamentary capacity and was not under any restraint and that the instrument satisfies the requirements of EPTL 3-2.1. It is admitted to probate.
The manner in which this simple will form was utilized by a lay person presents ample basis for the advocates of lay preparation of any will form to pause. In the instant matter, despite the simplicity of the form she utilized, testatrix’ home drawn will approached the brink of having her testamentary scheme fail due to statutory insufficiency.