OPINION OF THE COURT
C. Raymond Radican, J.
In this probate proceeding, it appears that the three attesting witnesses to the decedent’s last will and testament failed to sign the will in the space provided following the attestation clause and merely printed their names thereon and then properly signed simultaneously with the execution of the will the so-called self-proving affidavit. The question is raised as to whether or not this execution comports with the requirements of the Statute of Wills (EPTL 3-2.1).
While not directly on point, the “notary cases”, i.e., those wherein a proposed attesting witness signs the will as a notary public, hold that in such cases inquiry should be made as to whether one denominated on the will as a notary public was in fact signing merely or solely as a notary public or, contrarily, was signing as a witness at the request of the *708 testator (see, Matter of Ryan, 12 Misc 2d 192; Matter of Douglas, 193 Misc 623). In this case, the self-proving affidavit was as much part of the will as was the attestation clause, having been attached with the will under the same will back. The statute does not require an attestation clause (Matter of Tooker, 21 AD2d 928) nor is it even required that the signatures of the attesting witnesses follow rather than precede the testator’s signature (Matter of Dupin, 36 Misc 2d 309). Additionally, one court has held that where witnesses to the will printed their signatures rather than signed them the will execution was nonetheless valid and the will was admitted to probate (Matter of Katz, 129 Misc 2d 820).
Accordingly, the court finds that the last will and testament of Lodovico Zuracino complies with the statutory requirements of EPTL 3-2.1 and it will be admitted to probate.