763 A.2d 1289

IN THE MATTER OF THE ESTATE OF MARY
ELIZABETH GERHARDT DECEASED.

Superior Court of New Jersey
Chancery Division
Probate Part
Camden County

Decided August 7, 2000.

*Gold, Silverman & Goldenberg* attorneys for plaintiff; *Wayne R. Goldenberg*, Esq. appearing.

THEODORE Z. DAVIS, P.J.Ch.

This is a proceeding instituted by the plaintiff, Robert Bilo, for the probate of the Last Will and Testament of Mary Elizabeth Gerhardt, deceased, and for Letters of Administration C.T.A. At the conclusion of the hearing, this Court held that: (1) the Last Will and Testament of Mary Elizabeth Gerhardt is admitted to probate; and (2) the Letters of Administration be issued to the plaintiff, Robert Bilo, upon qualifying and giving bond to the Superior Court of New Jersey in the sum of $70,000. This written opinion supplements the oral opinion previously rendered.

The Testatrix, Mary Elizabeth Gerhardt ("Testatrix"), died on January 26, 2000 at Silver Center in Cherry Hill, New Jersey. The Testatrix left a will dated January 24, 2000, which names

Elaine Mary Bilo, the Testratix's daughter and plaintiff in this matter, as Executrix and sole residuary legatee. The attestation clause of the subject will contains the signature of one attesting witness, Joseph A. Cutrera ("Cutrera") and a signature and seal of Eileen M. Moore ("Moore"), a duly commissioned notary public of New Jersey. Moore administered the oath to the Testatrix at the time of her signing of the will on January 24, 2000. The will is neither a holographic will pursuant to *N.J.S.A.* 3B:3–3 nor does it contain the specific language of *N.J.S.A.* 3B:3–4 to satisfy the requirements of a "self-proved" will.

*N.J.S.A.* 3B:3–2 provides the requirements for the formal execution of a will. It provides, in its entirety:

"Except as provided in *N.J.S.* 3B:3–3, every will shall be in writing, signed by the testator or in his name by some other person in his presence and at his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."

In the case at bar, the will is in writing and signed by the Testatrix. Therefore, the first two requirements of *N.J.S.A.* 3B:3–2 are indisputably satisfied. The issues in this matter are two-fold. First, and most significant, is whether the will containing the signature of one witness and a duly commissioned notary public "substantially complies" with the requirements of *N.J.S.A.* 3B:3–2 for the will's admission to probate. The second issue becomes whether the personal representative of a sole residuary legatee and Executrix who died prior to probate is entitled to be appointed administrator C.T.A.

## I. Does a will containing the signature of one attesting witness and a notary public "substantially comply" with N.J.S.A. 3B:3–2?

■ Based upon Moore's conduct at the execution of the will on January 24, 2000, plaintiff Robert Bilo ("Bilo") argues that Moore satisfies the requirements of *N.J.S.A.* 3B:3–7 to act as a witness to the will. Specifically, counsel notes that Moore ensured that the Testatrix Gerhardt voluntarily and willingly executed the subject will as her Last Will and Testament, confirmed that she was over

eighteen years of age, of sound mind and not acting under any constraint or undue influence.

■ The Supreme Court of New Jersey in *Matter of Probate of Will of Ranney* held that a will could be admitted to probate if its execution substantially complied with statutory requirements. *Matter of the Probate of Will of Ranney*, 124 *N.J.* 1, 589 *A.*2d 1339 (1991). In that matter, the widow of the decedent challenged the admission of the Testator's will to probate based upon the witnesses' signature on the self-proving affidavit only and not on the will itself as required by *N.J.S.A.* 3B:3–2. The Court noted that self-proving affidavits and attestation clauses, although similar in nature, serve distinct functions. *Id.* at 8–9, 589 *A.*2d 1339 (*citing Mann, Self-Proving Affidavits and Formalism in Wills Adjudication*, 63 *Wash.U.L.Q.* 39, 41 (1985)). Interpreting legislative intent in the 1977 amendments to the Probate Code, specifically *N.J.S.A.* 3A:2A–6, the Court determined that the Legislature envisioned the will as independent from a self-proving affidavit. *Id.* at 9, 589 *A.*2d 1339. Although not literally conforming to the parameters of *N.J.S.A.* 3B:3–5, the Court extended its analysis into those circumstances when a will may be probated if it substantially complies with certain requirements. *Id.; See In re Estate of Peters*, 107 *N.J.* 263, 526 *A.*2d 1005 (1987). In ruling on this issue, the Court relied on New Jersey case law, persuasive authority from other jurisdictions, legislative history of applicable statutes as well as scholarly secondary authority which collectively insist that rigid insistence on literal statutory compliance often frustrates the deliberate and voluntary act of the testator. *Matter of the Probate of Ranney, supra,* 124 *N.J.* at 12–14, 589 *A.*2d 1339; *In re Estate of Bochner,* 119 *Misc.*2d 937, 938, 464 *N.Y.S.*2d 958 (Sur.1983); Nelson & Starck, *Formalities and Formalism: A Critical Look at the Execution of Wills,* 6 *Pepperdine L.Rev.* 331, 353–55 (1979). Accordingly, the Supreme Court held that clear and convincing evidence of the witnesses' intent should be adduced to establish substantial compliance with the statute. *Matter of the Probate of Ranney, supra,* 124 *N.J.* at 14, 589 *A.*2d 1339.

*N.J.S.A.* 3B:3–7 provides that "any person generally competent to be a witness may act as a witness to a will and to testify concerning the execution thereof." The purpose of having a witness to a will is to ensure that proof is available to show that there has been compliance with the requisites of execution and that the instrument offered for probate is the paper which the decedent signed. It is essential to the effectiveness of the person's attestation that he act with the intent to attest the instrument, and he must sign with the intention of performing the act necessary to become a witness to the execution of the instrument. *See* 79 *Am.Jur.*2d *Wills* § 267 (1975). This intent is manifested by the circumstances under which the witness signs, and they are determinative. *Id.*

A notary public [1] is a public officer whose function it is to attest and certify by his hand and official seal, certain classes of documents in order to give them credit and authenticity. *N.J.S.A.* 52:7–10 et. seq.; *Commercial Union Ins. Co. of New York v. Burt Thomas–Aitken Construction Co.,* 49 *N.J.* 389, 230 *A.2d* 498 (1967). When one acts *strictly* in his capacity as a notary public purporting to take an oath, his signing is not effective as an attesting witness. *In re Estate of Alfaro,* 301 *Ill.App.*3d 500, 234 *Ill.Dec.* 759, 703 *N.E.*2d 620 (1998). *In re Saenger's Estate,* 133 *N.J.Super.* 151, 335 *A.2d* 601 (1975). Although there does not appear to be any published case law in New Jersey with identical facts to the matter at hand, the issue of whether a notary public may be recognized as a proper witness under *N.J.S.A.* 3B:3–2 is discussed in 5 Clapp, *N.J. Practice: Wills and Administration,* Section 50 at 191 (3d ed.1982). Clapp states:

"Where a witness signs a will in some capacity other than as a witness, as, notary public or an executor or as one who signs the testator's name at his direction, the authorities which have considered these matters are divided as to whether the will

[1] A notary public is defined as "[o]ne who is authorized by state or federal government to administer oaths, and to attest to the authenticity of signatures." *Black's Law Dictionary* 956 (5th ed.1979).

is properly attested. The better rule, however, is to recognize such a person as a proper witness."

The issue has also been thoroughly considered in other jurisdictions. For instance, in the 1958 case of *In re Ryan's Will*, the Surrogate's Court of Nassau County, New York addressed the issue of whether a notary public whose signature appeared on a will may qualify as a subscribing witness in accordance with Decedent Estate Law. *In re Ryan's Will*, 12 *Misc.*2d 192, 174 *N.Y.S.*2d 607 (Sur.1958); *Decedent Estate Law* § 21. In that case, below the signature of the decedent appeared another signature just below a jurat: 'Sworn to before me this 17th day of July 1944'. Below that signature was a notary's stamp. *In re Ryan's Will*, 12 *Misc.*2d at 192, 174 *N.Y.S.*2d 607. The Court framed the ultimate question to be determined in each instance as "whether the notary was requested to attest merely to the genuineness of the testator's signature or to all of the acts, required by the statute, which determine proper execution." *Id.* at 194, 174 *N.Y.S.*2d 607. The Surrogate's Court thereupon admitted the propounded instrument to probate having established that it was executed in the manner prescribed by section 21 of Decedent Estate Law.

The Supreme Court of Appeals of Virginia in *Ferguson v. Ferguson*, also addressed the issue of whether a notary public may simultaneously serve as a subscribing witness. *Ferguson v. Ferguson*, 187 *Va.* 581, 47 *S.E.*2d 346 (1948). The defendants in that case argued, among other things, that the will was not executed in conformity with Virginia Code § 5229. Specifically, they contended that there lacked the requisite two witnesses' signatures for due execution since the notary public signed in his official capacity as commissioned notary rather than as subscribing witness. *Id.* The Testator in that case was in ailing health and confined to a hospital bed in early 1946. Among his friends and neighbors who visited him during his elder years was C.E. Trout, an acquaintance of the Testator for more than thirty years. During one particular visit, the Testator conveyed to Trout at his bedside his wishes to dispose of property in a certain manner. From notes taken

during that discussion, Trout drafted a will of the Testator and, believing him to be too weak to affix his signature, prepared such will for execution by mark. Trout personally observed the Testator make his mark on the will in the presence of another individual who signed as a subscribing witness. *Id.* at 588–89, 47 *S.E.*2d 346. In an opinion written by Judge Spratley, the Court conceded the general rule to be that "a witness must intend to attest the will as a witness." *Ferguson v. Ferguson,* 187 *Va.* at 594, 47 *S.E.*2d 346. Relying on the language of the certificate, the actions and the testimony of Trout, the Court found that he acted as a witness "no matter how he regarded himself [notary]." *Id.*

Our sister state of Florida also recognizes the principle that the execution of a will may be valid, even though a required witness signs in a capacity other than that of a witness. *Simpson v. Williamson,* 611 *So.*2d 544 (Fla. 5th DCA 1992). On appeal from the Circuit Court, the District Court of Appeals of Florida, was faced with the issue of whether a notary can be considered to be a valid witness to the Testator's will by virtue of his signature as a notary on the self-proving clause of the will. *Id.* Relying on *In re Lomineck's Estate,* the court noted that "[i]t is not necessarily where the signature appears that controls under the facts of each case, but whether it was affixed under such circumstances as to in fact constitute the person an attesting and subscribing witness within the meaning of the statute." *Id.* at 546 (*quoting In re Lomineck's Estate,* 155 *So.*2d 561 (Fla. 1st DCA 1963)). Accordingly, the Court held that the appropriate characterization of the notary in this instance was that of a dual role of witness and notary, and thereby created a genuine issue of fact to be determined by the Court below. *Id.*

Aside from the aforementioned cases, it has been well established in other jurisdictions that the execution of a will may be valid, even though a required witness signs in a capacity other than that of a witness. *See also In the Matter of the Estate of Friedman,* 6 *P.*3d 473 (Nev.2000); *In re Estate of Zelikovitz,* 923 *P.*2d 740 (Wyo.1996); *In re Estate of Price,* 73 *Wash.App.* 745,

752, 871 *P.*2d 1079 (1994); *Tyson v. Utterback,* 154 *Miss.* 381, 122. *So.* 496 (1929); *Newboles v. Newboles,* 169 *Ark.* 282, 273 *S.W.* 1026 (1925); *Tilton v. Daniels,* 79 *N.H.* 368, 109 *A.* 145 (1920); *In re Hull's Will,* 117 *Iowa* 738, 740–44, 89 *N.W.* 979 (1902).

In the case at bar, testimony was given by all members present at the will's execution, namely, the witness Joseph Cutrera, plaintiff Robert Bilo and notary public Eileen Moore. Moore, an employee at the hospital where the Testatrix was being treated, was requested by the Testatrix Gerhardt herself to witness the signing of the will. Moore, in turn, asked her co-worker at the hospital, Cutrera, to act as a witness to the will's execution.

Established via sworn testimony, Cutrera, Bilo and Moore independently verified the lucidity of the Testatrix at the execution of the will. Although signing in her official capacity as notary public, Moore performed functions which allow this Court to confidently qualify her as a witness under the parameters of *N.J.S.A.* 3B:3–7. Conceding to the Testatrix's request to act as a witness to the execution of the will, Moore assumed both observatory and signatory functions of a competent witness in the ceremony despite her signing as a notary public. *See* 5 Clapp, *supra,* at 192 (3d ed.1982). Specifically, Moore ensured that the Testatrix Gerhardt voluntarily and willingly executed the subject will as her Last Will and Testament, confirmed that she was over eighteen years of age, of sound mind and not acting under any constraint or undue influence. It cannot be fairly said that Moore acted strictly in her capacity as a notary public purporting to take an oath. Rather, it becomes clear through surrounding circumstances that she acted with the intent to attest the instrument and also signed with the intention of performing the act necessary to become a witness to the execution of the will. These circumstances are determinative.

◼ Although statutory compliance is essential to ensure a valid will execution, it would be inequitable to invalidate a will that is the deliberate and voluntary act of the testator. The Testratix's intent to duly execute her will with Moore acting as a witness

becomes evident based upon testimony that reveals the Testratix's desire and ultimate request for Moore to act in that capacity during the ceremony. Moreover, there exists clear and convincing evidence of Moore's intentions based upon her conduct and testimony in this matter, thereby warranting a finding that the witness statute has been substantially complied with *despite how Moore regarded herself.* To deny probate in this instance would frustrate rather than further the purpose of the formalities.

Therefore, based upon persuasive authority from other jurisdictions that have addressed this issue and the functions performed by Moore during the will execution, this Court is instilled with a high degree of comfort that this will "substantially complies" with statutory requirements and, accordingly, the will should be admitted to probate. The Court so rules.

## II. *Is the personal representative of a sole residuary legatee and executrix who died prior to probate entitled to be appointed administrator C.T.A.?*

It is well established in New Jersey that upon the death of the residuary legatee, his right to act as Administrator passes to his personal representative. In *Booraem's Case,* Henry H. Booraem appointed his wife, Maria Booraem, and Philip Kulthau as Executors of his will and his grandson, Henry L. Stubblebine, as residuary legatee under the will. *Booraem's Case,* 55 *N.J. Eq.* 759, 37 *A.* 727 (Prerog.1897). Some time after the death of the Testator, Henry L. Stubblebine died and, subsequently, Maria Booraem also passed away. Letters of Administration upon the estate of the grandson were granted to his father, Daniel G. Stubblebine. On account of the fact that certain personal assets of the Testator's estate had remained unadministered, Daniel G. Stubblebine applied to the Orphan's Court for Letters of Administration. The Court held that upon the death of the residuary legatee, his right to administer passes to his personal representatives. *Id.*

The Superior Court of New Jersey supported the ruling of the Prerogative Court in *In the Matter of Estate of Farina*. *In the Matter of Estate of Farina*, 212 *N.J.Super.* 695, 515 *A.*2d 1307 (1986). In that case, the decedent, Fred Farina, died on May 26, 1985 leaving a will which appointed his sister, Minnie Farina Valentino, as Executrix but did not mention an alternate or successor executor. Just six months after the will was probated, the decedent's sister passed away. Decedent's wife, Theresa Farina, applied to be named Administrator C.T.A., which was opposed by Dolores Pasculli, the daughter of Minnie Valentino as the Administrator and sole beneficiary of her mother's estate. Relying on *Booraem's Case*, the Court held that as the Administratrix of the estate of the residuary beneficiary of Testator's estate, she [Dolores Pasculli] was entitled to be appointed Administrator C.T.A. of his estate. *Id.* at 697, 515 *A.*2d 1307 (*citing Booraem's Case*, 55 *N.J. Eq.* 759, 37 *A.* 727 (Prerog.1897).)

In the case at bar, Elaine Mary Bilo was the sole residuary legatee and Executor under the will of the Testatrix. Upon Ms. Bilo's death, her son, plaintiff Robert Bilo, was named the Executor of her estate. Accordingly, plaintiff now petitions this Court for an Order appointing him Administrator C.T.A. of the Testatrix's estate. As previously discussed, the New Jersey cases of *Booraem's Case* and *In the Matter of Estate of Farina* have addressed this precise situation. Consistent with the principles set forth therein, this Court holds that the plaintiff is entitled to be appointed Administrator C.T.A. for the Estate of Mary Elizabeth Gerhardt, deceased.

In conclusion, the Court orders that the will of the Testatrix Mary Elizabeth Gerhardt be admitted to probate and the Letters of Administration with said will be issued to the plaintiff, Robert Bilo, upon giving bond to the Superior Court in the sum of $70,000.