**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3739-22

IN RE ESTATE OF
RHODA CRANE,
DECEASED.

_____

Argued October 2, 2024 – Decided November 15, 2024

Before Judges Marczyk and Torregrossa-O'Connor.

On appeal from the Superior Court of New Jersey, Chancery Division, Bergen County, Docket No. P-000138-23.

Brian R. Selvin argued the cause for appellant Michael E. Crane (Greenbaum, Rowe, Smith & Davis LLP, attorneys; Darren C. Barreiro, of counsel and on the briefs; Brian R. Selvin and Olivier Salvagno, on the briefs).

Kathleen M. Lee argued the cause for respondent David M. Repetto, Esq. (Harwood Lloyd, LLC, attorneys; Kathleen M. Lee, of counsel and on the brief).

PER CURIAM

Plaintiff Michael Crane[1] filed an order to show cause and verified complaint seeking an order compelling an accounting from David M. Repetto, Esq., the court-appointed administrator CTA[2] of the Estate of Rhoda Crane (Estate) and trustee of Rhoda's Revocable Trust (Trust). Plaintiff appeals from the trial court's May 18, 2023 order denying his application for an accounting and the July 14, 2023 order denying his reconsideration motion. Based on our review of the record and the applicable principles, we reverse and remand for proceedings consistent with this opinion.

I.

We glean from plaintiff's verified complaint that Rhoda died in July 2020. She left no spouse or surviving descendants. At the time of her death, she lived in a residence in Englewood. Title to the Englewood property was held in the Trust, with Rhoda and her sister, Joyce Crane, as co-trustees. In October 2020, Joyce died and was survived by her two children, plaintiff and Jacqueline Crane.

---

[1] Because certain parties share a common last name we refer to them in this opinion by their first names. We intend no disrespect.

[2] CTA is short for "cum testamento annexo" (Latin for "with the will attached"), which indicates the administrator was appointed by a court because the named executor became unavailable. See In re Est. of Gerhardt, 336 N.J. Super. 157, 166 (Ch. Div. 2000).

A-3739-22

Under Rhoda's will, her residuary Estate was to be paid to the trustees of Rhoda's Trust.

In January 2021, the court appointed Repetto as administrator of Rhoda's Estate and trustee of her Trust.[3] In February 2021, plaintiff's counsel was permitted to inspect the Englewood property to search for plaintiff's personal property, which he believed was located there.[4] The inspection did not yield any of the personal property plaintiff claimed was missing.

Thereafter, plaintiff requested an accounting of the tangible property sold and distributed by the Estate and the Trust. Repetto indicated he would respond "once [plaintiff] has met all of his obligations under the court's numerous orders and the February 4, 2022 [j]udgment."[5] Plaintiff's counsel subsequently advised Repetto that despite plaintiff being a debtor of the Estate, Repetto was required

---

[3] The appointment arose in separate litigation. Following the deaths of Rhoda and Joyce, there were multiple lawsuits filed in New York and New Jersey involving plaintiff and Jacqueline disputing the ownership of various properties, which resulted in Repetto's appointment.

[4] Plaintiff's counsel inspected the property due to a restraining order entered against plaintiff, in favor of Jacqueline, prohibiting plaintiff from personally entering the property.

[5] The court awarded Repetto, as administrator and substitute trustee, a judgment against plaintiff in the amount of $2,440,702 in February 2022.

A-3739-22

to "promptly" respond to a beneficiary's reasonable request for information under N.J.S.A. 3B:31-67.

In March 2023, plaintiff filed a verified complaint seeking a formal accounting. Plaintiff claimed the value of his missing property is "potentially" worth more than the amount he owes the Estate. Plaintiff further alleged "Repetto's refusal to comply with the law and his fiduciary duty ma[d]e such a determination impossible."

Repetto responded that plaintiff had "been told numerous times that the vast majority of the Estate expenses were legal fees occasioned by [plaintiff's] conduct." Repetto also asserted plaintiff was advised "countless times" about the identification of the items located at Rhoda's Englewood property.[6] Repetto contended plaintiff had "constantly expanded" the list of items he claimed he owned and stored in the Englewood residence that were not contained in the Bernards Report. Repetto further noted he had been forced to commence several

---

[6] As part of his administration of the Estate, Repetto retained Bernards Appraisal Associates to prepare a report (Bernards Report) of Rhoda's personal property contained in the Englewood property and the value of those items. After Bernards conducted an inspection in May 2021, it issued a 135-page report in July 2021, listing 350 items with a total value of $61,245. The report was provided to plaintiff and Jacqueline. Repetto certified the Englewood property was later sold in November 2021.

lawsuits in New York to remove plaintiff from multiple New York properties jointly owned by Rhoda and Joyce. He claimed despite court rulings that plaintiff had no ownership interest in either property, he had been "unlawfully converting rents from tenants." Repetto further asserted plaintiff misappropriated the Estate's assets and continues to deplete them by preventing the sale of the New York properties.

In denying plaintiff's application for a formal accounting, the trial court stated:

> In this complaint, plaintiff[] contend[s], without any support whatsoever, that . . . [m]any of his possessions stored in his aunt's home . . . were missing. There's no statement of what items were missing. . . . There's just that vague statement that . . . many of his possessions were missing.

The court also addressed plaintiff's claim that Repetto breached a fiduciary duty:

> [P]laintiff insists that . . . Repetto is in breach of his fiduciary duty under N.J.S.A. 3B:31-67 and may have actually . . . converted these unspecified possessions; in other words, . . . Repetto sold these possessions.
>
> In opposition, . . . Repetto provided a detailed certification, including a comprehensive personal property appraisal report that included a detailed description of all the personal property in the residence when he took possession. . . .
>
> . . . Repetto has provided a comprehensive and exhaustive informal accounting of everything that was

5

in the residence and all the personal property contained in the residence.

[P]laintiff's . . . claims are focused on his completely unsupported [assertions] that he was storing millions of dollars worth of Bruce Springste[e]n memorabilia in his aunt's home, including lyrics sheets that were hanging on a wall, $6 million worth of guitars and $60,000 in car parts.

. . . Repetto's comprehensive response details that no such items were in the house upon his appointment. His response includes photographs of the room where plaintiff contends the lyric sheets were displayed, showing that there were no such lyric sheets in that room anywhere.

Most importantly, plaintiff doesn't provide even a shred of evidence to support his claim that these items were in the home; not a certification, not a picture, not an appraisal, not an insurance rider. . . .

A formal accounting is not required in every case. Pursuant to Rule 4:87-1(b), an accounting may be ordered in appropriate circumstances. And N.J.S.A. 3B:17-2 also provides for an accounting to be ordered, but it certainly doesn't require an accounting in every case.

Accordingly, the court denied plaintiff's application for a formal accounting and dismissed the complaint with prejudice.

In June 2023, plaintiff moved for reconsideration. In his motion and supporting certification, plaintiff argued that the trial court had misapplied the law governing an interested party's right to compel an accounting, erred in

6

determining that Repetto's filings constituted an informal accounting, and made erroneous determinations of fact. The court denied the motion on July 14, 2023.

This appeal followed.

## II.

## A.

Plaintiff argues the trial court misinterpreted N.J.S.A. 3B:17-2 by finding he was not entitled to an accounting as a matter of right. He contends the statute requires an administrator to provide an accounting after one year. Plaintiff further argues that the court erred in resting its decision, in part, on Rule 4:87-1(b), which is not applicable in this case. Repetto counters the court properly found that N.J.S.A. 3B:17-2 and Rule 4:87-1 do not mandate a court to compel an accounting. Rather, it is left to the discretion of the judge.

Plaintiff notes he did not file a detailed complaint because he was not asking the court to determine at this juncture whether any assets were missing or who may be responsible for any unaccounted-for property.[7] Rather, plaintiff requested Repetto provide an accounting to inform plaintiff of the assets that remain in the Estate's possession and those that were sold.

---

[7] Plaintiff further notes the court overlooked Repetto's certification, which set forth the specific assets plaintiff claims were missing, along with a letter from plaintiff detailing the property not contained in the Bernards Report's inventory.

A-3739-22

Plaintiff argues Repetto submitted a certification outlining certain assets that came into his possession but did not advise the court regarding the disposition of the assets or provide a description of those assets that have not yet been sold. Accordingly, he maintains the court wrongly concluded plaintiff had been provided with an "exhaustive informal accounting." Instead, plaintiff asserts the information Repetto provided was more akin to an inventory under N.J.S.A. 3B:16-1 to -8 rather than an actual accounting. Plaintiff further argued the court incorrectly and prematurely required plaintiff to prove the existence and value of the missing property when those issues are more properly addressed in response to a formal accounting by way of exceptions—if there is a challenge to the formal accounting.

Plaintiff next asserts Repetto failed to comply with Rule 4:87-3(b), which governs the form of accounts to be submitted in a formal accounting and provides that all accounts shall include the following:

> (1)    a full statement or list of the investments and assets composing the balance of the estate in the accountant's hands, setting forth the inventory value or the value when the accountant acquired them and the value as of the day the account is drawn, and also stating with particularity where the investments and assets are deposited or kept and in what name;
>
> (2)    a statement of all changes made in the investments and assets since they were acquired or

since the day of the last account, together with the date the changes were made;

(3)   a statement as to items apportioned between principal and income, showing the apportionments made;

(4)   a statement as to apportionments made with respect to transfer inheritance or estate taxes;

(5)   a statement of allocation if counsel fees, commissions and other administration expenses have been paid out of corpus, but the benefits of the deductions from corpus have been allocated in part or in whole to income beneficiaries for tax purposes; and

(6)   a statement showing how the commissions requested, with respect to corpus, are computed, and in summary form the assets or property, if any, not appearing in the account on which said commissions are in part based.

Plaintiff contends Repetto breached his fiduciary duty because he only partially complied with Rule 4:87-3(b)(1), by not providing the full inventory value for each asset and not referencing every asset that came into his possession.  Moreover, Repetto failed to provide any other information to address the other sections of the rule.  He argues that his status as a debtor does not change his status as a beneficiary of the Estate and does not alleviate Repetto's responsibilities to him under the statute.  Furthermore, he maintains

an accounting would benefit and protect all beneficiaries from potential breaches by a court-appointed fiduciary.

Repetto counters the trial court properly determined plaintiff "effectively received an accounting." Moreover, because plaintiff was involved in running Rhoda's business, he "certainly knows the identities and values of her properties."

Plaintiff argues alternatively that even if a formal accounting is discretionary, the court should have exercised its discretion given there are substantial questions raised in the conflicting verified complaint and Repetto's certification. Moreover, the certification was "derived to a great extent on information gleaned from others, rather than from first-hand knowledge." In short, plaintiff concludes that despite the court's ruling, plaintiff still "has no information as to what was sold, how much money was obtained in connection with the sales, and the disposition of the funds."

B.

Given a probate judge's broad powers, we review a determination made by that judge for an abuse of discretion. See In re Est. of Hope, 390 N.J. Super. 533, 541 (App. Div. 2007) ("Remedies available to courts of equity 'are broad and adaptable.'" (quoting In re Mossavi, 334 N.J. Super. 112, 121 (Ch. Div.

2000))); see also Wolosoff v. CSI Liquidating Tr., 205 N.J. Super. 349, 360 (App. Div. 1985). "The exercise of . . . discretion will be interfered with by an appellate tribunal only when the action of the trial court constitutes a clear abuse of that discretion." Salitan v. Magnus, 28 N.J. 20, 26 (1958). A trial court decision will only constitute an abuse of discretion where "the 'decision [was] made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" United States ex rel. U.S. Dep't of Agric. v. Scurry, 193 N.J. 492, 504 (2008) (alteration in original) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)).

N.J.S.A. 3B:17-2 provides: "A personal representative may settle his account or be required to settle his account in the Superior Court. Unless for special cause shown, he shall not be required to account until after the expiration of [one] year after his appointment."

N.J.S.A. 3B:31-67(a), Duty to Disclose and Discretion to Periodically Report, in turn, states:

> A trustee shall keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests. Unless unreasonable under the circumstances, a trustee shall promptly respond to a beneficiary's request for information related to the administration of a trust.

We recognize the challenges the court faced in managing this protracted litigation. Nevertheless, upon careful review, we conclude the trial court misapplied its discretion in denying the request for an accounting on the grounds that plaintiff had received an "informal accounting" and an "explanation of all the items that were in the residence." The trial court's decision in large measure was based on its understanding that Repetto provided plaintiff the functional equivalent of a formal accounting. However, this informal accounting falls short of what would be provided in a formal accounting pursuant to Rule 4:87-3(b). At best, it appears Repetto provided an inventory of the assets that were, at one time, in possession of the Estate.

Repetto asserts plaintiff "has all [of the] relevant information regarding the Estate" but does not reconcile that statement with his October 2022 letter to plaintiff wherein he states, "I will discuss the personal property issues with [plaintiff] once he has met all of his obligations under the court's numerous orders . . . and has vacated the [New York properties]." Moreover, Repetto asserts without citation to the record that he advised plaintiff "numerous times that the vast majority of Estate expenses were legal fees occasioned by [plaintiff's] conduct."

Plaintiff contends, as evidenced by Repetto's October 2022 letter, that he was not advised what tangible property was sold, the sales price of the assets, what assets remain in the Estate, what happened to the cash and securities that existed at the time of Rhoda's death, and what happened to the proceeds from the sale of the property. Additionally, plaintiff claims he was never advised about the legal expenses incurred by Repetto and was not required to accept the representation that the vast majority of those expenses were related to fees expended as a result of plaintiff's conduct. The disposition of the Estate's assets and Repetto's counsel fees would both be an integral part of a formal accounting under N.J.S.A. 3B:17-2(a) and Rule 4:87-3(b) to which plaintiff is entitled under the facts of this case.

Here, where decedent died over four years ago and Repetto was appointed administrator and trustee more than three years ago, an accounting is warranted at this juncture. Plaintiff has requested this information for a considerable period of time, and there is obviously a factual dispute as to which assets are part of the Estate and which were sold. Moreover, our decision is buttressed by N.J.S.A. 3B:31-67, which provides a "trustee shall keep the qualified beneficiaries of the trust reasonably informed about the administration of the trust and of the material facts necessary for them to protect their interests.

13

Unless unreasonable under the circumstances, a trustee shall promptly respond to a beneficiary's request for information . . . ." N.J.S.A. 3B:31-67, when read in conjunction with N.J.S.A. 3B:17-2, convinces us the court rested its decision on an impermissible basis.

Repetto justified his denial of plaintiff's request for an accounting by arguing the amount of assets sold by the Estate is a fraction of what plaintiff owed in the judgment. Moreover, Repetto contends plaintiff knows how much was in the accounts for which he now seeks an accounting because he had control of the accounts at some point following Rhoda's death. At oral argument before us, Repetto's counsel conceded she was not arguing that an accounting would never be appropriate in this matter and plaintiff could later apply for a formal accounting. However, counsel argued "right now is not the time for an accounting" because of the ongoing litigation between the parties. We disagree.

Merely because the sale of the Estate's assets was significantly less than the amount plaintiff owes the Estate does not justify the denial of the accounting. Again, plaintiff is seeking an accounting, in part, to determine if the Estate disposed of his personal property, which he asserts is of considerable value. We are further unpersuaded that the accounting must await the conclusion of the ongoing litigation between the parties because there was no explanation

14

proffered as to how an accounting would somehow prejudice the Estate in the litigation. In addition, Repetto has not provided any controlling authority to suggest that a debtor of the Estate is not entitled to an accounting under Rule 4:87-3(b).

It also appears the court made credibility findings regarding the conflicting verified complaint and Repetto's certification. Without conducting a hearing, the court could not properly make a determination that there was no merit to plaintiff's claims. Moreover, those findings should be made following a formal accounting, if necessary, if there are exceptions filed by plaintiff. At that time, if a hearing is required, the court can resolve the conflicting accounts of what property was part of the Estate when Repetto was appointed and how it was disposed.

In light of our determination, we need not address the broader question of whether N.J.S.A. 3B:17-2 requires the court to compel an accounting as a matter of right.

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

15